## Hoyt *against* Seeley.

Superfluous allegations in a declaration may be rejected, and treated as if they had not been there.

A bill or check payable to a person, or bearer, is transferable by mere delivery; and to support a recovery on such an instrument, it is only necessary for the plaintiff to allege and prove, that he is the lawful bearer thereof, and entitled to the moneys due thereon.

Therefore, where the holder of a bank check, payable to *W,* or bearer, in an action against the drawer, alleged, that it was delivered by the defendant to *W,* and by *W* to the plaintiff, and the proof was, that it was delivered by the defendant directly to the plaintiff; it was held, that the legal effect of the facts alleged and of the facts proved, was the same; and proof of the latter, without proof of the former, was sufficient to support a recovery.

If the party purporting to be the drawer of a check, signed it, and it afterwards came into the hands of a *bona fide* holder, the presumption of law is, that it was put in circulation by such drawer, unless the contrary be shown by him.

The general rule is, that it is the duty of the holder of a bank check, payable on demand, to present it for payment within a reasonable time, and if not paid, to give notice of the non-payment to the drawer.

But where the holder of a bank check did not present it to the bank for payment until after the lapse of more than two years from the time he received it, and omitted to give any notice to the drawer of the non-payment; but the drawer never had funds in the bank sufficient for the payment of the check before it was protested, except at one time, and then such funds were immediately afterwards drawn out, by himself; the bank was not insolvent, and the drawer sustained no loss or injury from the delay in the presentment, or by the want of notice of non-payment; it was held, that neither the delay in the presentment, nor the want of notice of non-payment, exonerated the drawer from liability.

This was an action by the plaintiff, as holder of a check on the *Stamford Bank,* payable to one *Waterbury,* or bearer, drawn by the defendant. There were two counts in the declaration; the first stating a delivery of the check, by the defendant, to *Waterbury,* and a subsequent delivery thereof, by *Waterbury,* to the plaintiff; the second, stating a delivery by the defendant, directly to the plaintiff.

The cause was tried, at *Danbury, October* term 1846, before *Williams,* Ch. J.

The plaintiff having offered in evidence the check mentioned in the declaration, and having proved that it was signed by the defendant, claimed to have proved also, that it was delivered to him, the plaintiff, by the defendant; and that, on the 5th of *October* 1842, the plaintiff paid it away in the city of *New-York,* in the due course of business; that soon after-

wards, it was sent to *Stamford*, in this state, to procure the money due thereon from the *Stamford Bank ;* and that, by request of the defendant, the plaintiff paid it and took it up, and has ever since held it ; and that, on the 22d of *October* 1844, and not before, he presented it for payment, at such bank, when it was duly protested for non-payment.   During all this time, the plaintiff lived in the village of *Stamford*, where the bank was established.   The plaintiff also claimed to have proved, that the defendant had not funds in the bank, sufficient to pay the check, at any time before it was protested, except on the 17th of *October* 1842 ; and that those funds were drawn out, the next day.

The defendant claimed to have proved, that he never issued the check to *Waterbury*, and that the plaintiff could never have received it from him ; and requested the court to instruct the jury, that if the facts stated in the first count of the declaration relative to the delivery of the check to *Waterbury*, by the defendant, and the delivery of it, by *Waterbury*, to the plaintiff, were not found, the plaintiff could not recover on that count.   But the court instructed the jury, that proof of these facts was not necessary to support a recovery on that count.

The defendant further claimed, that if he signed the check, he never put it in circulation, and for that reason, the plaintiff could not recover, even if he had taken it *bona fide* and for value.   The plaintiff, on the other hand, claimed, that if he took the check *bona fide* and paid value for it, he was entitled to recover.   On this point the jury were instructed, that if the defendant signed the check, and it came into the hands of a *bona fide* holder, the presumption of law was, that it was issued by the drawer, unless the contrary was shown by him.

The plaintiff did not claim to have proved, that he gave the defendant any notice of the non-payment of the check by the bank ; and the defendant claimed, that for this cause the plaintiff could not recover.   But the court instructed the jury, that if the defendant had not funds to meet the payment of the check, when presented, notice of non-payment was not necessary.

The defendant also contended, that the plaintiff could not recover upon either count, in consequence of his long delay

in presenting the check. It was not claimed, that the bank was insolvent, or in any way embarrassed. And the court instructed the jury, that the delay was therefore no ground to defeat a recovery.

The plaintiff also claimed, that he could recover upon the second count in his declaration, if he paid the check and took it up, at the request of the defendant. This the defendant denied, and insisted, that this claim was entirely inconsistent with another claim made by the plaintiff, that the check was issued by the defendant, directly to him the plaintiff. But the court instructed the jury, that if they should find that the plaintiff had paid the check, and taken it up, they ought to give a verdict for him on the second count.

The jury thereupon returned a verdict for the plaintiff, upon both counts; and the defendant moved for a new trial for a misdirection.

*Hawley* and *Ferris*, in support of the motion, contended, 1. That the plaintiff could not recover on the first count, without proof of its material averments, *viz.* the giving of the check to *Waterbury*, and the plaintiff's title from him. When a party, even unnecessarily, sets out his title, or the mode by which he acquired title, he must prove such title as alleged. *Bristow* v. *Wright, Doug.* 668. 2 *Stark. Ev.* 1554. If a party unnecessarily sets out indorsements, he must prove them as alleged. *Chitt. Bills,* 149. 369, 70. 592. 1 *Saund. Pl. & Ev.* 492.

2. That if the defendant never put the check in circulation, there could be no recovery on it; for there was no contract, any more than in the case of a deed not delivered. On this point the judge omitted to charge the jury at all—stating to them only what would be sufficient evidence for the plaintiff, if not rebutted, but not informing them what the law would be, if rebutted. *Chitt. Bills,* 540. 542. 546.

3. That the charge as to the omission to give notice, was erroneous; for it dispenses with notice, if the defendant had not, at the moment of presentment, more than two years after the date of the check, funds enough to pay it—though he may have had enough on many intermediate occasions. *Chitt. Bills,* 215. 222. *Orr* & al. v. *Maginnis,* 7 *East* 359. *Blackhan* v. *Doren,* 2 *Campb.* 503. *Rucker* & al v. *Hiller,* 16 *East* 43.

*Fairfield,*
*July,* 1847.

Hoyt
*v.*
Seeley.

*Bissell* and *Ferry,* contra, contended, 1. That proof of the averments in the first count, as to the delivery of the check to *Waterbury,* and by him to the plaintiff, was unnecessary. It is sufficient if the proof be identical with the *legal effect* of the averments; and such is the case here. 1 *Chitt. Plead.* 313, 14. *Phelps* v. *Riley,* 3 *Conn. R.* 266. 270. *Sto. Prom. Notes, s.* 117. 138.

2. That the defendant's signature being proved, and also a *bona fide* possession by the plaintiff, the law presumes an issuing by the defendant, until the contrary is shown. For, in the first place, the possession of negotiable paper, indorsed in blank or payable to bearer, is *prima facie* evidence of property in the holder. Secondly, a valid title in the holder could not exist, even *prima facie,* without a real or presumptive issuing by the drawer. The presumption arising from possession, must, therefore, extend to, and embrace an issuing. *Grant* v. *Vaughan,* 3 *Burr.* 1516.

3. That notice of non-payment was not necessary; the defendant not having funds in the bank, at the time of issuing the check, or of its presentment. *Sto. Prom. Notes, s.* 498. *Conroy* v. *Warren,* 3 *Johns. Ca.* 259. *Cruger* v. *Armstrong, Id.* 5. *Murray* v. *Judah,* 6 *Cowen* 484. 490.

4. That the delay of presentment, the bank remaining solvent and the drawer not damnified, was not *laches* in the holder, nor did it discharge the defendant. *Sto. Prom. Notes, s.* 497, 8. See also the cases cited *supra.*

5. That the verdict of the jury, under the charge of the court, finds the facts on the second count, as claimed by the plaintiff, *viz.* that he took up the check, at the request and as the agent of the defendant. The plaintiff is, of course, entitled to reimbursement. 1 *Chitt. Plead.* 99. *Sto. Agen. s.* 355.

6. That entire justice having been done, by the verdict, a new trial will not he granted, even if the ruling of the court was not in every particular correct. *Johnson* v. *Blackman,* 11 *Conn. R.* 342.

WAITE, J. The plaintiff offered in evidence the check, described in the first count in the declaration, proved that it was signed by the defendant, and claimed to have proved, that it was also delivered to him, by the defendant. On the

other side, it was insisted, that the plaintiff could not recover upon that count, unless he proved a delivery by the defendant to *Waterbury*, and by *Waterbury* to the plaintiff, as alleged. But the court informed the jury, that the plaintiff might recover, without proof of those facts.

Was that instruction erroneous? The rule upon this subject is, that a party may declare upon an instrument according to its legal effect. *Phelps* v. *Riley*, 3 *Conn. R.* 266. *Sherman* v. *Goble*, 4 *Conn. R.* 246. *Fish* v. *Brown*, 17 *Conn. R.* 341. Thus, if a promissory note is payable to a man's order, he may declare upon it as payable to himself. *Smith* v. *McClure*, 5 *East* 476. So if payable to a married woman, it may be described as payable to the husband. *Arnold* v. *Revoult*, 1 *Brod. & Bing.* 443. (5 *E. C. L.* 141.) And where the payee of a bill indorses it in blank, and puts it into circulation, any holder may declare upon the bill as indorsed by the payee to himself, although there may have been intermediate indorsements. *Smith* & al. v. *Clarke, Peake's Cas.* 225. S. C. 1 *Esp. Rep.* 180.

The defendant, by making the check payable to *Waterbury*, or bearer, made it transferable by mere delivery; and by delivering it himself to the plaintiff, made the transfer, as between the parties, of the same legal effect, as if delivered to *Waterbury*, and afterwards by him to the plaintiff. In this respect, the case differs materially from that of a check payable to the order of the payee. There, the legal title would pass only by indorsement; and where there are several successive indorsements alleged in the declaration, the plaintiff must prove them as alleged; for they are essential to show the title he claims. *Cunliffe* & al. v. *Whitehead*, 3 *Bing. N. C.* 828. (32 *E. C. L.* 343.)

Here, the plaintiff has declared upon this check as payable to bearer, and has averred, that he is the lawful bearer thereof, and entitled to the payment of the money therein specified. This is enough to show a right of action in the plaintiff. The circumstances, under which he became the bearer, are not material, and therefore need not be proved.

If, says *Denman*, Ch. J. we can see enough in a plea to constitute a defence, independently of superfluous allegations, we may reject them, and treat them as if they had not been there. *Shearm* v. *Burnard*, 10 *Ad. & El.* 593. (37 *E. C.*

L. 184.)    And the same rule applies to superfluous matter in the declaration.    *Tanner* v. *Bean*, 4 *B. & Cres.* 312.    (10 *E. C. L.* 340.)

Here is no claim of any variance in the description of the check, or any indorsement upon it, but only in the manner in which it was delivered to the plaintiff. That cannot be material, if the main allegations, that he is the lawful bearer, and entitled to the moneys due thereon, are proved.

2. The defendant further claimed, that if he signed the check, he never put it in circulation, and so the plaintiff could not recover upon it, even if he had taken it *bona fide*, and for value. But the circumstances under which this claim was made, are not detailed in the motion. The virtual admission by the defendant, that the check was received by the plaintiff fairly and for value, seems to imply, that it was, in fact, put in circulation. By whose instrumentality it was done, does not appear, farther than it was not done by the defendant himself.

Suppose the defendant, after he had made and signed the check, had placed it in the hands of some third person, for a specific purpose, with positive instructions not to let it get into circulation; and yet that person, in violation of the trust reposed in him by the defendant, had passed it away, as his own, to the plaintiff, who was entirely ignorant of any breach of trust; could the defendant, under such circumstances, successfully resist the payment?

This court, very recently, had occasion to examine the law applicable to this subject, and after a very careful review of the authorities, said, that " where a person has confided his name on a note or bill to a servant or friend, and thus enabled him to appear to the world as owner, and as having a lawful right to dispose of it, if that confidence is misplaced, the principles of equity, as well as of commercial law, require, that he who has thus put it into the power of another to defraud, should himself sustain the loss, rather than the person who has given credit to these appearances." *Brush* v. *Scribner*, 11 *Conn. R.* 392.

And what facts has the defendant shown, in this case, which will preclude the inference, that although he has not himself given circulation to the check, it has not been done, by some person, in consequence of his misplaced confidence?

*Fairfield,*
July, 1847.

Hoyt
*vt*
Seeley.

The result would be precisely the same, had the person with whom he entrusted the check lost it, or it had been stolen from him. *Lee* v. *Newsam, Dowl. & Ryl. N. P. Ca.* 50. (16 *E. C. L.* 431.)

The proposition, therefore, as advanced by the defendant, is not, in all cases, true ; and as he has not shown such facts as will require its application, even in a qualified form, we cannot say that the judge erred in not instructing the jury in conformity with his claim. *Churchill* v. *Rosebeck,* 15 *Conn. R.* 399.

The jury were informed, that if the defendant signed the check, and it came into the hands of a *bona fide* holder, the presumption of law was, that it was issued by the drawer, unless the contrary was shown by him. This instruction was entirely correct ; and the propriety of it is not questioned, by the defendant. His only complaint is, that the court did not go far enough in its instruction. This, under the circumstances, we have shown the court was not bound to do.

3. The plaintiff did not present the check to the bank for payment, until after the lapse of more than two years from the time he received it, and entirely omitted to give any notice to the defendant of the non-payment. The defendant claimed, that the plaintiff could not recover, by reason of this delay in the presentment, and the omission to give notice.

The plaintiff, however, claimed to have proved, that the defendant never had funds in the bank, sufficient for the payment of the check, before it was protested, except at one time ; and that on the following day, they were drawn out by the defendant himself. And it was not claimed, that the bank was insolvent, or in any manner embarrassed.

Under these circumstances, the court instructed the jury, that the delay in the presentment was no ground to defeat a recovery ; and that if the defendant had no funds in the bank to meet the payment, when it was presented, notice of non-payment was not necessary.

This part of the case involves this question, whether, if the defendant, after he had drawn the check, had no funds in the bank, and has sustained no loss or injury from the delay in the presentment, and by the omission to give notice of the non-payment, he can now successfully resist the payment of the debt.

*Fairfield,*
July, 1847.

Hoyt
*v.*
Seeley.

The rule undoubtedly is, that it is the duty of the holder of a check, payable at bank, on demand, to present it for payment within a reasonable time, and if not paid, to give notice of the non-payment to the drawer. And if the drawer had funds in the bank sufficient for its payment, which were lost in consequence of the holder's neglect, he will be exonerated from liability.

But according to recent authorities, this rule does not apply to a case where the drawer has sustained no loss or injury, by the neglect of the holder. Were it otherwise, the drawer would profit by a neglect, which did him no injury. Every check drawn upon a bank, is presumed to be given for value, and is an appropriation of so much of the drawer's funds in the bank, as are necessary for the payment of the draft. If, therefore, the maker can be permitted to withdraw his funds, and refuse payment of his check, he virtually receives from the holder the amount of it, without consideration. The result would be the same, if he never placed any funds in the bank to meet the payment.

Such, at present, is the law, as recognized in the state of *New-York.* The supreme court of that state, in a late case, cited with approbation the opinion expressed by *Southerland,* J. in *Murray* v. *Judah,* 6 *Cowen* 490. in which he says, that " as between the holder of a check, and an indorser, or third person, payment must be demanded within a reasonable time ; but as between the holder and maker or drawer, a demand at any time before suit brought, is sufficient, unless it appear, that the drawee has failed, or the drawer has in some manner sustained injury, by the delay." And they add, that the same doctrine has been fully recognized as sound law, in several subsequent cases, and is so laid down in their highest elementary authority. *Little* v. *Phenix Bank,* 2 *Hill's R.* 429.

So, in a late case in the court of common pleas in *England,* the plaintiffs brought their action upon a check payable at a bank, against the drawer, and averred, that the bank had no effects of the defendant in their hands, and had received no consideration for the payment of the check, and that the defendant had sustained no injury, by reason of his having had no notice of its non-payment ; and the court, upon demurrer, held the declaration sufficient. *Kemble* v. *Mills,* 1 *Man. & Gran.* 757. (39 *E. C. L.* 640.) And in a still more recent

case, Lord *Tenterden* said, that "in the case of a check, the holder does not lose his remedy against the drawer, by reason of non-presentment, within any prescribed time after taking it, unless the insolvency of the party on whom it is drawn has taken place in the interval;—that is, unless there is actual loss to the drawer." *Alexander* v. *Burchfield, 7 Man. & Gran.* 1061. 1067. (49 *E. C. L.* 1061. 1067.)

*Fairfield,*
July, 1847.

Hoyt
*v.*
Seeley.

These authorities, standing uncontradicted, are full in support of the charge given by the court below, and founded upon correct principles.

We are, therefore, of opinion, that the defendant is not entitled to a new trial in this case.

In this opinion the other Judges concurred.

New trial not to be granted.