## S. WILLARD OLEY *vs.* JAMES E. MILLER.

Third Judicial District, Bridgeport, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The use of two counts in setting forth a single cause of action is improper and invites complications; but upon a general verdict this court may properly regard as done that which ought to have been done, and treat the two counts as but one.

Section 1859 of the General Statutes, passed in 1865, provided that any negotiable note payable on demand, which remained unpaid four

months after its date, should thereupon be considered as overdue and dishonored; and § 1860, enacted in 1884, provided that the blank indorsement of a non-negotiable note by a third person should import the contract of an ordinary indorsement of negotiable paper. *Held* that this later enactment did not change the character of a non-negotiable note payable on demand, to such an extent as to make it overdue and dishonored if payment thereof was not demanded of the maker within four months from its date.

In an action against the indorser of a non-negotiable note, the question of what is a reasonable time for its presentment and demand, depending, as it ordinarily does, upon the agreement and understanding of the parties, is one for the determination of the jury under proper instructions from the court.

A single clause or statement in a charge to the jury, although questionable, is not ground for a new trial, if it is apparent from the context that the jury could not have been misled.

Argued November 12th—decided December 20th, 1901.

ACTION by the payee to recover the amount of a non-negotiable note made by a third person and indorsed in blank by the defendant prior to its delivery, brought to the Superior Court in Fairfield County where a demurrer to the complaint was overruled (*Thayer, J.*) and the cause was afterwards tried to the jury before *Robinson, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The action was in two counts, each seeking recovery of the amount of a note in the following terms: —

"$900.00. DANBURY, CT., Aug. 20, 1896.

"On demand I promise to pay to S. Willard Oley nine hundred $\frac{00}{100}$ dollars in gold, with interest quarterly. Value received.

"D. E. ROGERS."

The note bore the defendant's indorsement in blank. It was admitted, or uncontradicted, that the indorsement was made before delivery to the plaintiff, and for the accommodation of Rogers ; that the defendant at the time of his indorsement took as collateral security therefor a note of another party, payable January 8th, 1897, which Rogers held ; that Rogers became insolvent in November, 1896, and that no de-

mand was made by the plaintiff on Rogers for payment of the note until October 19th, 1897, when, payment having been refused, notice thereof was immediately given to the defendant and demand made upon him. Payment having been by him refused, suit was brought.

The first count relied upon the execution, indorsement, delivery, presentment, demands and notice aforesaid, together with the allegations that the presentment to Rogers was within a reasonable time, and that the note was unpaid.

The second count, after reciting the facts attending the giving of the note, and the facts of the holding of collateral by the defendant, and Rogers' insolvency, as hereinbefore stated, alleged that on or about November 8th, 1896, and at divers other times subsequently, the defendant requested the plaintiff to refrain from enforcing payment of said note from him as indorser, until the collateral note he held became due and he might be able to collect it; that the defendant still held the collateral note; that the facts amounted to a waiver of demand upon Rogers; that notice of nonpayment had been given; and that the note sued upon was still due and unpaid.

Upon the trial the plaintiff offered evidence to prove and claimed to have proved, in addition to the facts hereinbefore stated to have been admitted or uncontradicted, that at the time of his taking the note in suit he knew that the defendant held said collateral; that it was understood between all three parties to the note that payment thereof would not be demanded before January 8th, 1897; that the defendant, upon sundry occasions beginning with November 7th, 1896, and ending about the middle of September, 1897, requested the plaintiff to make no demand for the payment of the note, but to allow it to stand, as a favor to this defendant, until the security held by him was paid, and that said security continued to be unpaid. The plaintiff offered evidence of other incidental facts bearing upon the conduct of the defendant in the premises, during this period. The defendant's evidence was, upon many of these matters, in direct antagonism

to that of the plaintiff, and especially so as to any requests
for forbearance or delay.

*Robert E. DeForest* and *George P. Carroll,* for the appellant (defendant).

*Samuel Tweedy* and *Howard B. Scott,* for the appellee
(plaintiff).

PRENTICE, J.  This complaint erroneously contains two
counts; there should have been but one.  The two together
state but one cause of action.  Applying the usual test, we
find that all the allegations of fact in the complaint, in so
far as they are relevant at all, constitute only the statement
of one claimed right and one claimed delict.  Pomeroy's Code
Remedies, §§ 455, 457.  The plaintiff's real claim is, that by
reason of the giving of the note as and under the circumstances alleged, and by reason of all the acts of the parties
subsequent thereto, recited in both counts, he is entitled to
recover from the defendant indorser the amount due under
the note.  He interprets the indorser's original obligation,
which is confessedly a conditional one of some sort, as one
to pay the note if it should not be paid by the maker upon
presentment and demand within a reasonable time.  The
fact of presentment and demand within such reasonable time,
which is thus made a condition precedent to a right of recovery against the defendant, in so far as he is concerned,
the plaintiff claims to establish by the subordinate facts, and
all of them, which are alleged in the two counts.  All of
these facts, in the manner in which they are presented, enter
as elements into a determination of the question whether, by
virtue of a presentment and demand in October, 1897, the
plaintiff has complied, as to the defendant, with the conditions involved in his undertaking.

The allegations of the second count are claimed therein as
amounting to a waiver of presentment.  In so far as they
support that conclusion of law, they perforce enter into a
determination of the question of whether, in spite of the de-

lay in presentment until October, it was, when made, within a reasonable time, under the terms of the indorser's alleged undertaking; and they have no other real ultimate effect. Waiver through requests for forbearance, is but the name for a subordinate factor in the larger or final question of reasonableness of presentation. Whatever view be taken as to the standpoint from which the fact of reasonable time for presentation is to be determined, it is clear that the requests of the indorser influencing the action of the holder, cannot be disregarded. Even though the reasonable time be, as the defendant claims, that contemplated by the parties, or presumed to have been contemplated by them, when the contract is entered into, yet it is still competent for the parties in interest to modify the contract as in contemplation originally made. So, when an indorser asks of the holder forbearance, or assents to it and it is given, this transaction, which might be narrowly called a waiver, relates back in contemplation of law to the original contract to change it.

A note presented in accordance with the request or assent of the indorser, is, as to him, presented in a reasonable time. *Lockwood* v. *Crawford*, 18 Conn. 361; *Clark* v. *Merriam*, 25 id. 576.

The situation thus disclosed is precisely that which existed in *Brown* v. *Wilcox*, 73 Conn. 100, and the results are in like manner unfortunate in developing complications, as is not unlikely to be the case where causes of action are split. In that case this court regarded as done what ought to have been done, and treated two counts as one. The reasons which impelled to that course of action are of equal force in this case. By doing likewise, as we properly may since a general verdict was rendered, certain of the complications in the case disappear and the solution of its problems presented to us is made more simple.

The defendant's first contention is that he cannot be liable, for the reason that presentment and demand were not made upon the maker within four months after date. He claims that § 1859 of the General Statutes applies, although its provisions are by express language limited to negotiable promis-

sory notes, which the note in question is not. His argument
involves a consideration of the history of the statute. It
first appears in 1865 in its present limited form, for which the
reasons are obvious. Public Acts of 1865, Chap. 103. In
1884 it was enacted that "the blank indorsement of a nego-
tiable or non-negotiable note, by a person who is neither its
maker nor its payee shall . . . import the contract of an or-
dinary indorsement of negotiable paper, as between such in-
dorser and the payee, or subsequent holders." Public Acts
of 1884, Chap. 83. The argument is that this Act of 1884
operated, as of necessity, to remove the limitation to negoti-
able paper contained in the Act of 1865 and continued in the
Revision of 1875. The appearance of the two Acts in sepa-
rate successive sections in the Revision of 1888, in practically
the language of their original enactment, is attributed to the
failure of the revisers to appreciate the full scope and effect
of the Act of 1884; and it is urged that this fact should not
be held to restore the old rule as to non-negotiable paper, as
it is assumed would be the *prima facie* effect of the two sec-
tions as they now stand.

This argument misconceives the true character of the con-
tract created by the indorsement of negotiable paper. It is
"that if, when duly presented, it is not paid by the maker,
he, the indorser, will, upon due and reasonable notice given
him of the dishonor, pay the same to the indorsee or holder."
*Spencer* v. *Allerton*, 60 Conn. 410, 417. The Act of 1865
aimed to define what due presentment was in respect to ne-
gotiable instruments payable on demand. What it is with
respect to non-negotiable ones has never been defined by leg-
islation. The Act of 1884 had a very distinct and important
purpose. It sought to change the legal nature of the con-
tract created by blank indorsements of paper by strangers
thereto. It did not profess to direct as to the essentials of
due presentment in any case, and clearly had no intention of
doing so. Neither was there a direction by implication. The
Act of 1865, as it stood in the Revision of 1875, remained
unchanged, and the revisors of 1888 made no mistake in this

portion of their labors.    The provisions of § 1859 of the General Statutes are not applicable to the note in suit.

The statute not controlling, the defendant's liability to the plaintiff was conditioned upon presentment to and demand of Rogers within a reasonable time.    *Cooke* v. *Pomeroy*, 65 Conn. 466.    The defendant claims error because this question of reasonable time was left to the jury.    He urges that it presented a question which the court should have determined as a question of law, and determined in his favor.    In *Tomlinson Carriage Co.* v. *Kinsella*, 31 Conn. 268, 273, CHIEF JUSTICE HINMAN, in speaking upon this subject and in reference to this precise situation, said : " But we think we may well hesitate to follow the cases to the extravagant length of holding that a reasonable time is a question of law, depending on the particular circumstances of each case.    If there is such a time, and it is a question of law, that is, if the time is fixed by law, it would seem that it ought to be known to the court ; and yet no court to our knowledge has attempted to fix it or declare what it is.    But if it is a question of fact, depending upon the agreement and understanding of the parties, it would seem that it should be determined, like all other facts, by a jury, or by the court, where the issue is closed to the court, the court finding it in this case simply as a fact."    This cogent statement of the law in this jurisdiction, and its reasons, leaves little to be said, except to notice that this decision does not stand unsupported. *Clark* v. *Merriam*, 25 Conn. 576 ; *Edwards* v. *Gunn*, 3 id. 316, 318 ; *Lockwood* v. *Middlesex Mut. Assurance Co.*, 47 id. 553, 568; *Hough* v. *City Fire Ins. Co.*, 29 id. 10, 24 ; *Cohen* v. *Pemberton*, 53 id. 221 ; *Soper* v. *Tyler*, 73 id. 660.

We need not, however, stop here, since under the rule adopted elsewhere, to which the defendant appeals, the question could not have been kept from the jury.    That rule seems to be that where the facts are few and simple and not in dispute, or are presented upon a special verdict or demurrer to evidence, it is within the province of the court to determine as to the reasonableness of the time.    The courts adopting this rule seem to agree that where the facts are

complicated or doubtful, or are in dispute, the question must be left to the jury under instructions from the court.   1 Daniel on Nego. Inst. § 612; *Sice* v. *Cunningham*, 1 Cowen, 397; *Bassenhors* v. *Wilby*, 45 Ohio St. 333; *Muncy Borough School District* v. *Commonwealth*, 84 Pa. St. 464; *Turner* v. *Iron Chief Mining Co.*, 74 Wis. 355; *Dyas* v. *Hanson*, 14 Mo. App. 363; *Leonard* v. *Olson*, 99 Iowa, 162.

In the present case the facts and circumstances to be considered in deciding the question of reasonableness under the circumstances, were not by any means beyond dispute.   The parties were not only at issue upon them, but, as it proved, in most emphatic antagonism as to what the truth was. Clearly the situation was one calling for jury decision, even under the doctrine stated.

The defendant claims error in that part of the instructions of the court which submitted this question of reasonable time to the jury.   He complains, (1) because the court submitted to the jury upon the first count the evidence presented with respect to the requests for forbearance which are embraced in the allegations of the second count, and (2) because the court misdirected the jury in regard to the bearing of Rogers' insolvency upon the question at issue.

The first ground of error has already been disposed of in what we have had to say respecting the form of the complaint.

Upon the second ground of objection, the defendant says that the court told the jury that the fact of Rogers' insolvency was one proper to be considered with respect to the reasonableness of the time of the plaintiff's demand upon him.   If this were so, the interesting question would be presented, whether the issue as to reasonable time was to be determined solely upon the intention, expectation or understanding of the parties to the note at the time it was given, or, more strictly speaking, their presumed intention, expectation or understanding, gathered from the tenor of the note, the nature of the transaction, the situation of the parties, and all the then surrounding circumstances, affected only by any modification which those in direct interest thereafter by their

requests, agreements or conduct, created; or upon these things, taken together with any other circumstances which subsequently arose to affect the situation or properly influence the conduct of the note holder, as the conduct of a reasonable man under the circumstances of his action or nonaction. We are not aware that the question has ever been decided by this court. In *Tomlinson Carriage Co.* v. *Kinsella*, 31 Conn. 268, CHIEF JUSTICE HINMAN raised the question, but did not pass upon it.

We need not decide the question in this case, since a study of the charge discloses that the jury could not have understood the court to have instructed them in the way claimed. The court did, indeed, say that the fact of Rogers' insolvency was "one proper to be considered in connection with other facts in evidence in determining whether or not a demand on Rogers for payment was made in a reasonable time." Standing alone and apart from its context, this statement might, in the view of the law which the defendant holds and which for the purposes of our present inquiry we will assume to be correct, be objectionable. Read with the context, however, we think it apparent that no misdirection was made. The fact of the insolvency was alleged. It was alleged, not as an independent probative fact, but as one leading up to and inducing the alleged requests for forbearance. The contest of evidence, it is very apparent from the record, raged over the events which succeeded Rogers' insolvency, from which the plaintiff claimed the defendant's requests for forbearance—his waiver. The parties were in distinct contradiction as to what had occurred. The fact of the insolvency doubtless was claimed to have significance in determining what the facts were, and must have had at least relevancy. It was that which set the whole commotion astir and about which the interests of the parties centered. As a relevant fact in evidence it was of course properly submitted to the jury, if they were not instructed to use it for an improper purpose. The court told the jury immediately before the criticised sentence quoted, that the fact of insolvency would not excuse presentment and demand, and immediately after,

that it was the duty of the plaintiff to make demand within a reasonable time and give the defendant notice of nonpayment, notwithstanding that Rogers was insolvent, unless the defendant waived or intentionally relinquished his right. In that part of the charge where the court submitted to the jury the various considerations which might enter into their decision of the issue as to reasonable time, the insolvency of Rogers is not mentioned as one. This part of the charge is full, clear and unexceptionable. The isolated sentence criticised, elsewhere appearing, taken in connection with the body of the instructions and its own context, we cannot believe could have misled the jury.

There is no error.

In this opinion the other judges concurred.