THE NATIONAL BANK OF DELAWARE AT WILMINGTON, a corporation existing under the laws of the United States of America, *vs.* DAVID LINDSAY.

1. BILLS AND NOTES—INDORSER'S LIABILITY—DEMAND.

Where recourse is had to the indorser of a bill or note, there must be in general an averment and proof of demand of payment at the place specified therefor.

2. BILLS AND NOTES—LIABILITY OF INDORSER—NATURE AND CHARACTER.

An undertaking of an indorser is not general, like that of a maker of a note or the acceptor of a bill, but is conditional on the use of due diligence against the maker or acceptor, in which case only, if payment has not been received, the indorser becomes liable.

3. BILLS AND NOTES—ACTION AGAINST INDORSER—FACTS EXCUSING DELAY IN PRESENTMENT—NECESSITY OF PLEADING.

Where a declaration against the indorser of a demand note alleged the making and indorsement thereof at plaintiff's bank on November 2, 1903, and the presentment of the note for payment at the place designated for payment, and demand on February 19, 1906, the declaration was not demurrable for failure to allege additional facts excusing the delay; such facts being provable without being alleged.

4. BILLS AND NOTES—INDORSEMENT—REISSUE BY MAKER—DEMAND PAPER—ASSUMPTION OF PAYMENT.

A demand note, having been indorsed by the payee, was returned to the maker, and by him reindorsed and delivered to plaintiff bank for discount on the day of its date, and was discounted by the bank at the maker's request. *Held,* that such subsequent reissuance by the maker did not release the payee from liability as indorser, or raise any presumption that the note was paid or reissued.

(*December* 17, 1910.)

Judges BOYCE and HASTINGS sitting.

*Robert H. Richards* for plaintiff.

*Willard Saulsbury* and *Hugh M. Morris* for defendant.

Superior Court, New Castle County, November Term, 1910.

ACTION OF ASSUMPSIT (No. 69, September Term, 1909) upon a promissory note.

General Demurrer to the four special counts of plaintiff's declaration.

The case is stated in the opinion.

BOYCE, J., delivering the opinion of the court:

This is an action of assumpsit, brought by the plaintiff, the

holder, against the defendant, the indorser, on a promissory note, payable on demand.   The declaration contains eight counts—four special and four common counts.   The defendant filed a general demurrer to each of the said four special counts.   The said several counts of the declaration demurred to disclose, in substance, that the note, sued upon, was made on the second day of November, A.D. 1903, the day of its date; that it was on that day delivered to the payee, who is the defendant in this action; that it was on that day, and before payment, indorsed by the defendant; that it was on that day delivered by the defendant to the makers; that it was on that day, and before payment, indorsed by the makers; that it was on that day delivered by the makers to the plaintiff bank, the present holder; that on the nineteenth day of February, A.D. 1906, it was duly presented and payment thereof was duly demanded at the plaintiff's bank, the National Bank of Delaware, the place of payment; and on the same day it was duly protested for nonpayment, notice of which the defendant had on the day and year last aforesaid.   Since the argument upon the demurrer, we have considered the questions presented for our determination as carefully as we could in the midst of jury trials engaging our attention.

Counsel for the defendant contended that a promissory note, payable on demand, must be presented for payment by the holder within a reasonable time after the day of its date in order to charge an indorser, and pointed out that the declaration alleges that the plaintiff presented the said note for payment on the nineteenth day of February, 1906—twenty-seven months and eighteen days after the date of the note.   It was urged that the presentment of the said note for payment and the notice of protest to the defendant, as alleged, were not made and given within a reasonable time, such as is necessary to make the indorser liable for the payment of the note.

It was insisted that whether the holder presented the note for payment within a reasonable time is a question of law for the court to decide on the face of the declaration, and that as no particular fact or circumstance was shown why the demand was not made sooner, so that the court might judge whether the demand was made within a reasonable time or not, the declaration was not

Opinion.

sufficient in law for the plaintiff to have and maintain its aforesaid action thereof, against the defendant; and they cited numerous authorities in support of their contention, some of which are: *Pyle v. McMonagle,* 2 *Har.* 468; *Bank of Wil. and Brand. v. Cooper's Adm'r.,* 1 *Har.* 10; *Bank v. Simmons,* 1 *Har.* 331; *Foley v. Emerald, etc., Brewing Co.,* 61 *N. J. Law,* 429, 39 *Atl.* 650; *Merritt v. Jackson,* 181 *Mass.* 69, 62 *N. E.* 987; *Wylie v. Cotter,* 170 *Mass.* 356, 49 *N. E* 746, 64 *Am. St. Rep.* 305; *Keyes v. Fenstermaker,* 24 *Cal.* 329; *Martin v. Winslow,* 2 *Mason,* 241, *Fed. Cas. No.* 9,172; *Turner, Rec'r., Etc., v. Iron Chief Min. Co. et al.,* 74 *Wis.* 355, 43 *N. W.* 149, 5 *L. R. A.* 533, 17 *Am. St. Rep.* 168; *Home Savings Bank v. Hosie,* 119 *Mich.* 116, 77 *N. W.* 625; *Story on Prom. Notes,* § 207, and note; *Byles on Bills,* § 163.

Counsel for the plaintiff conceded that, in order to bind an indorser of a promissory note payable on demand, presentment for payment must be made within a reasonable time after the day of its date, but he denied that the question of reasonable time is one of law for the court in every case.  He contended that whether the question was one for the  court, or for the jury, depends on the facts and circumstances of the particular case.  He insisted that every material fact necessary to be averred to support an action on the note, sued upon, was contained in the plaintiff's declaration, and that it was unnecessary, and the plaintiff was not required, to plead facts and circumstances from which the question of reasonable time must be determined, whether it be determined by the court, or by the jury.

The following authorities were cited:   *Keyes v. Fenstermaker,* 24 *Cal.* 329; *Lockwood v. Crawford,* 18 *Conn.* 361; *Van Hoesen v. Van Alstyne,* 3 *Wend. (N. Y.)* 75; *Salmon v. Grovenor,* 66 *Barb.* 160; *Goodwin v. Davenport,* 47 *Me.* 112, 74 *Am. Dec.* 478; *Montelius v. Charles,* 76 *Ill.* 303; *Oley v. Miller,* 74 *Conn.* 311, 50 *Atl.* 744; *Jones v. Robinson,* 11 *Ark.* 504, 54 *Am. Dec.* 212; *Field v. Nickerson,* 13 *Mass.* 131; *Joyce on Defenses to Commercial Paper,* § 508; *Morgan v. U. S.,* 113 *U. S.* 476, 5 *Sup. Ct.* 588, 28 *L. Ed.* 1044; *Rosenberg v. Continental Ins. Co.,* 7 *Penn.* 174, 74 *Atl.* 1073; *Norten v. Lewis,* 2 *Conn.* 480; *Whiteford v. Burckmeyer,* 1 *Gill (Md.)* 143, 39 *Am. Dec.* 640; *Blakely v. Grant,* 6 *Mass.* 388; *Duvall v. Bank, 9 Gill & J.* 31;

Opinion.

*Levy v. Insurance Co.*, 10 *W. Va.* 560, 27 *Am. Rep.* 598; *Bank v. Richardson*, 5 *Pick.* 444; 4 *Robinson Prac.* 443.

Counsel for the defendant contended that any matter which the plaintiff might seek to prove at the trial as an excuse for delay in making the demand of payment and protest must be pleaded, and in support of their contention quoted from the case of *Bank of Wil. and Brand. v. Cooper's Adm'r.*, 1 *Harr.* 10, as follows:

"Whenever a party is bound to allege any matter to be done by him to entitle him to an action, if he has any matter of excuse for not doing the act, he is bound to allege this matter of excuse, or he will not be permitted to give it in evidence, if it is objected to at the time.  * * * But when this matter is intended to be relied on as an excuse, such matter should appear on the face of the declaration, or the plaintiff is not at liberty to prove it.   As the plaintiff has not averred either a demand at the bank or any matter of excuse for not making such demand, but has relied in his declaration on a personal demand on O. Horsey, we consider that he is not at liberty under this declaration to prove any other species of demand or excuse than that which he has chosen to rely upon himself."

*People's Bank v. Houston*, 2 *Marv.* 250, 43 *Atl.* 93, and *Bank v. Simmons*, 1 *Harr.* 331, were also cited and relied upon.

In the case of *Bank of Wilmington and Brandywine v. Cooper's Adm'r.*, *supra*, the action was brought by the plaintiff bank, the holder of the note, against the administrator of the payee, who was the indorser, deceased.

The declaration alleged a *personal* demand on the maker, instead of averring that a demand was made *at the bank*, the place of payment, and the question was whether under the allegation the plaintiff should be permitted to prove a demand essentially different from that alleged in the declaration.   The plaintiff insisted that there were no funds at the bank at the time when the note became due; and that, therefore, it was excused for not presenting the note at the bank for payment.   It was said by the court:   "The engagement of the defendant in this case to the holder was that he would pay the amount of this note to him in case it was presented at the Bank of Wilmington and Brandy-

wine, when it became due for payment, and a failure to pay it there, with due notice of nonpayment. The proof of these facts constitutes the liability of the defendant. The declaration should have averred that the note was presented at the bank for payment; that it was not paid, and that the indorser had notice of such demand and nonpayment. This is the form of declaring, as established by the books of precedents as far as we have looked into them. * * * Here, before the plaintiff could entitle himself to an action, he should have presented the note at the bank for payment; or, if he meant to excuse himself for not presenting it according to this legal obligation, he should set out the matter in his declaration, which he relies on as an excuse, that the court may judge of its sufficiency. * * *"

This case simply decides that, the plaintiff having failed to allege that a demand was made at the bank, evidence of such a demand, or of matter of excuse for not making it, could not be given under an allegation of demand on the maker personally.

The case of *People's Bank v. Houston, supra,* was similar, in that it was averred in the declaration that the notes sued upon were presented to the defendant for payment, and not to the bank, the place of payment. The defendant who had indorsed the notes was also payee therein. He had also over his signature made an indorsement, "Protest waived."

The plaintiff was not permitted to prove under the allegation in his declaration that the notes had been presented to the bank, the place of payment, at the time of their maturity, for the reason that proof of such a demand varied from the allegation of demand set forth in the declaration. Neither was he permitted to prove that the indorsement, "Protest waived," was signed by the defendant for the reason that any excuse for not presenting the notes for payment at the place designated by the maker should have been alleged in the declaration.

The case of *Bank of Wilmington and Brandywine v. Simmons, supra,* was an action upon two promissory notes. There was a variance in the description as set forth in the declaration and the proof of the first note, respecting the date thereof, and it was not alleged that demand of payment had been made at the bank.

It was held that both objections were fatal to a recovery on the first note, the court saying: "The variance in the date is conclusive; and the court decided in *Bank of Wilmington and Brandywine v. Cooper's Administrator*, 1 *Harr*. 10, *supra*, that where a note is made payable at a certain place, demand at that place must be averred and proved, and though the want of funds may excuse the demand, the excuse must be set out."

As to the other note it was contended that the demand should have been made on the sixty-third day, or September twenty-ninth, but it had been shown that the demand had been made on the sixty-fourth day, or September thirtieth, which it was urged was too late. The court said: "Whenever a man indorses he undertakes to pay the bill provided a demand shall be made on the drawer on the last day of grace and reasonable notice be given him of the non-payment. The demand here should have been made on the twenty-ninth of September, 1817. Was it made then? The note has an indorsement in the handwriting of Roche, the notary, 'Noted twenty-ninth September,' and his general custom is proved to have been to draw out the protest the day after the demand. The protest here is dated the thirtieth. If the demand was on that day it is too late, and the defendant, the indorser, is discharged, but if the jury take the indorsement made by the notary with the proof of his practice as the evidence of the demand it was in time."

As a general rule, where recourse is had to the indorser of a bill or note, an averment and proof of demand of payment, at the place of payment, is necessary. The indorser's undertaking is not general like that of the maker of a note, or the acceptor of a bill; but is conditional, that if, upon due diligence having been used against the maker or acceptor, payment is not received, then the indorser becomes liable. This due diligence is a condition precedent to a right of recovery against the indorser. *Allen v. Smith's Adm'r.*, 4 *Harr*. 238.

Due diligence in presenting a promissory note for payment, at the place of payment, in order to make the indorser liable in case of nonpayment, is unquestionably essential. This we understand is conceded. The question here is whether under the said

allegation of presentment and demand, on the day and time afore-
said, showing, it is claimed, a lack of due diligence, it was necessary
and fatal not to aver matter of excuse for the alleged delay in
making the demand.

Under the said allegation of demand, respecting the time
when the demand was made, may the plaintiff, upon proof of the
demand, show facts and circumstances which will make the time
of the demand, as alleged, sufficient, without pleading them?

It is well settled that it is not necessary in pleading to state
that which is merely matter of evidence.

Mr. Chitty says: "The object of the pleadings is to arrive
at a specific issue upon a given and material fact, and this is
attained, although the evidence of such fact, to be laid before
the jury, be not specifically developed in the pleading. Therefore,
if the question be, whether wheat, after it had been cut, was
suffered to lie on the ground a 'reasonable time,' it is sufficient to
allege generally that such was the fact, without showing specifi-
cally how many days the wheat remained on the ground, and
what was the state of the weather during that period; although
such matters may be material to the due consideration and decision
of the question. So, under the common averment, in a declara-
tion upon a bill of exchange, that the defendant 'had notice' of the
dishonor, the plaintiff may show special circumstances or facts
which render the notice valid, although it were given at a later
period, than would, in ordinary cases, have sufficed; for there
is no need in pleading to state more than the legal effect of the
facts." 1 *Chitty on Pleading*, § 225.

The reason of this rule is evident, if we revert to
the general object which all the rules, tending to certainty, con-
template, viz., the attainment of a certain issue. This implies
a development of the question in controversy in a specific shape.
But, if that object be attained, there is, generally, no necessity
for further minuteness in the pleading; and, therefore, those
subordinate facts, which go to make up the evidence by which
the affirmative or negative of the issue is to be established, do not
require to be alleged, and may be brought forward, for the first
time, at the trial, when the issue comes to be decided. Thus,

in the above example, if we suppose issue joined, whether the wheat cut was afterwards suffered to lie on the ground a reasonable time or not, there would have been sufficient certainty, without showing on the pleadings any of those circumstances (such as the number of days, the state of the weather, etc.) which ought to enter into the consideration of that question.   These circumstances, being matter of evidence only, ought to be proved before the jury, but need not appear on the record.   *Perry, Com. Law Plead.* 363.

In other words, although a particular fact may be of the essence of a party's cause of action, or defense, so that a statement of it is indispensable, it is not necessary, in alleging it, to state such circumstances as merely tend to prove the truth of the fact. *Tyler's Stephen on Plead.* 310.

In an action against an indorser of a bill or note, the plaintiff is bound to allege presentment and demand at the place  designated, in the bill or note, or else facts excusing this legal requirement to entitle him to maintain his action;   but if it is alleged that presentment and demand were made, facts necessary to establish the truth of the allegation, or, upon proof of the demand, as alleged, facts excusing any apparent delay in making the demand, may be given in evidence without averring them.   Indeed, in an action on a note, payable on demand, it seems sufficient to allege any day of making the demand before the title of the declaration;   that is to say, any day of presentment and demand before the day of bringing the suit may be averred.   2 *Chitty* § 120.

We are of the opinion that the plaintiff has averred in his declaration all that is required under  the  rules and precedents of pleading.

Assuming that it appears from the declaration that the demand was not made within a reasonable time, as required, we think under the allegation and proof of presentment and demand, facts excusing the laches may be shown without pleading them.

It is in cases where there is no averment and proof of presentment and demand,  that facts excusing this legal requirement must be pleaded.

We do not think this conclusion conflicts with the decisions of this court, reviewed in this opinion, and relied upon by counsel for the defendant.

Counsel for the defendant further contended that, where an instrument is negotiated back to a prior party who reissues and further negotiates it, he is not entitled to enforce payment thereof against any intervening party to whom he was personally liable, and one who derives title from him with notice of this fact cannot hold such intermediate indorser liable. And in support of this proposition, relied upon, *Byles on Bills* § 119; *Adrian v. McKaskill*, 103 *N. C.* 182, 9 *S. E.* 284, 3 *L. R. A.* 759, 14 *Am. St. Rep.* 788, and *Long & Robertson v. Bank of Cynthiana*, 11 *Ky.* 290, 13 *Am. Dec.* 234.

Counsel for the plaintiff resisted the application of the proposition, and contended that the fact that the note in question was indorsed by the maker, after it was indorsed by the payee, and remained in the possession of the maker, and was discounted by the plaintiff bank at the instance of the maker, on the day of the date of the note, does not release the payee from his liability as indorser, or raise any presumption that the note was paid and reissued by the maker. And in support of his position, cited: *Eckert v. Cameron*, 43 *Pa.* 120; *Mishler v. Reed*, 76 Pa. 76; *Erwin v. Shaffer*, 9 *Ohio St.* 43, 72 *Am. Dec.* 613; *Morris v. Morton*, 14 *Neb.* 358, 15 *N. W.* 725; *Parks v. Smith*, 155 *Mass.* 26, 28 *N. E.* 1044; 3 *Rand on Com. Paper* (2d Ed.) 2062; 1 *Rand. on Com. Paper* (2d Ed.) 762; and *La Due v. First National Bank*, 31 *Minn.* 33, 16 *N. W.* 426.

It was insisted for the plaintiff that the fact that all the indorsements were made, and the note discounted, on the day of its date, brings the case within the rule applicable to unmatured paper.

Without entering upon any discussion of the last proposition of counsel for the defendant, it seems sufficient to say, the note sued upon in this action is payable on demand. And from the several averments in the declaration it appears that the indorsements on the note were made by the payee, the defendant, and the makers, and that the note was discounted at The National

Bank of Delaware, the plaintiff, the holder of the note, on the day of its date. We do not think under these allegations it can be presumed that the note was paid after the indorsement by the defendant and reissued by the makers, or that the rule respecting matured, or overdue paper, should be applied, at least, on a demurrer, to facts as alleged in the declaration.

We overrule the demurrer.