## H. O. TORGERSON AND ANOTHER v. N. H. OHNSTAD.[1]

May 6, 1921.

No. 22,117.

**Negotiable instrument — notice of dishonor to indorser.**

1. Where the holder of a negotiable instrument presents it to the maker for payment, the presentation and demand being in all respects in full compliance with the law, and payment is refused and the instrument thus dishonored, to fix and continue the liability of an indorser notice of the dishonor must be given within the time fixed by the negotiable instruments act, in default of which the indorser will be discharged.

**Omission to give notice of dishonor not excused.**

2. Where the presentation and demand conforms in all respects to the statutory requirements, and the refusal of the maker to pay is thus brought home to the holder, his failure to notify the indorser cannot be excused on the theory or claim that a formal presentation and demand, though in fact made, was not intended.

**Omission to give notice of dishonor not overcome by later notice.**

3. The failure to give the notice discharges the indorser and a subsequent presentation and demand for payment, attended with the same formalities some six months later, followed by proper notice to the indorser, will not revive his liability.

Action in the district court for Steele county to recover $1,100 upon a promissory note. The amended answer alleged that without defendant's knowledge or consent plaintiffs released their right to collect the

[1]Reported in 182 N. W. 724.

note out of the assets of the Ellendale Mercantile Company. The case was tried before Childress, J., who when plaintiffs rested denied defendant's motion to dismiss the action and at the close of the testimony denied his motion for a directed verdict, and a jury which returned a verdict for $1,342. From an order directing judgment in favor of defendant notwithstanding the verdict, plaintiffs appealed. Affirmed.

F. A. Alexander and Arctander & Nordbye, for appellants.

Moonan & Moonan, for respondent.

BROWN, C. J.

Action to recover against defendant as an indorser of a promissory note. Plaintiffs had a verdict which was set aside and judgment ordered for defendant. Plaintiffs appealed.

It appears that the note in suit was given to defendant for a loan of $1,100 to the makers, who were mercantile dealers in the village of Ellendale, in Steele county, this state. Plaintiffs were engaged in automobile repair work in the same place, as was one Carl Aronson also. Plaintiffs desired to dispose of their business and negotiations with Aronson resulted in a sale thereof to him. Aronson is the son-in-law of defendant. He was in need of funds to complete the transaction and applied to defendant for financial help. The purchase price of the property, which included stock in trade, tools and automobile accessories, and a town lot and the building in which plaintiffs had carried on the business, was $2,500. This was furnished by defendant. As a part thereof he indorsed the note in suit, then past due, and turned it in at its face value.

Under the Uniform Negotiable Instruments Act, the note, though overdue when so indorsed and transferred, became, as to the parties concerned in the particular transaction, payable on demand, and it was incumbent upon plaintiffs as indorsees, to charge defendant with continued liability as indorser, to demand payment of the makers within a reasonable time, and, if not paid, to give notice thereof to defendant within the time fixed by that act. G. S. 1913, §§ 5819, 5883 and 5926. The only question involved on the appeal is whether there was a compliance with the statute. The trial court submitted the question to the jury and the general verdict for plaintiffs was an affirmative answer, based on

the facts and rules of law laid down for their guidance by the court's instructions. On subsequent consideration of the question, on defendant's motion for judgment notwithstanding the verdict or a new trial, the court concluded that the evidence was conclusive that the statute had not been complied with and judgment notwithstanding the verdict was ordered for defendant. Plaintiffs insist that there was a proper presentation and demand of payment and notice of dishonor, and that the court below was in error in holding otherwise.

The facts are not in material dispute, though the conclusion to be drawn therefrom forms the essence and substance of the case. The transaction as a result of which the note was indorsed and transferred to plaintiffs took place on November 6, 1916. Plaintiffs' automobile repair shop was then transferred to Aronson and the purchase price paid over to them in the manner stated. Two days later, November 8, plaintiffs formally presented the note to the makers at their place of business and demanded payment, and payment was refused on the ground that they were not able to make payment at that time. They, however, then stated to the member of plaintiffs' firm who presented the note that they were in the hope of selling out their mercantile business soon, and if a sale was made they would be in funds and able to pay. No notice of this presentation and dishonor was given to defendant during the next succeeding day, as required by the negotiable instruments act, or at all. Thereafter in May, 1917, some six months from the date of the transfer of the note to plaintiffs, and after the makers had turned their property over to a trustee for the benefit of their creditors, they again presented it with a demand for payment, which was refused, this time for the total lack of funds. This was followed by a proper notice to defendant.

An indispensable element of a cause of action against the indorser of a negotiable instrument, is notice of its dishonor by the maker, given by the holder in the manner and within the time prescribed by law. The right of action does not accrue until the notice is given, and the failure to give it cannot be excused, except perhaps for special reasons not here presented. The requirements of the law are unyielding in this respect. 3 R. C. L. 1218, and citations in notes §§ 440 and 446. The note in suit was dishonored by the makers on November 8, 1916, but no notice thereof was given to defendant. This discharged the defendant and ends the

case, unless we are required by the record to sustain the contention that the presentation and demand of payment on November 8 was not intended as a formal presentation, or as a compliance with the requirements of the law on the subject, but rather as informal and merely "sounding out the makers," therefore not of legal significance or effect. But the record does not sustain that contention. The evidence, presented by plaintiffs in their case in chief, shows beyond dispute an intentional persentation of the note to the makers and a demand of payment, which was in full compliance with the essentials prescribed by the negotiable instruments act. It shows also a refusal of payment, coupled with the statement that the makers expected to sell their property and would then be able to pay. The suggestion that plaintiffs did not intend this as a formal presentation is without force, since the evidence conclusively shows to the contrary. The failure to give notice cannot be excused on the theory that the refusal to pay the note came to plaintiffs in an "informal" way, nor by a showing that defendant was in no way injured or prejudiced by their default. Rosson v. Carroll, 90 Tenn. 90, 16 S. W. 66, 12 L.R.A. 727; 3 R. C. L. 1218, §§ 440, 446, 459, and 8 C. J. 545, § 757, and citations. Defendant was discharged from further liability, and the subsequent second presentation followed by a proper notice, though in conformity with a local custom as to time, did not revive the original liability. Rosson v. Carroll, supra. The learned trial court therefore properly ordered judgment for defendant notwithstanding the verdict, and the order so directing must be affirmed.

Order affirmed.