# G. SOMMERS & COMPANY v. TINTAH CO-OPERATIVE MERCANTILE COMPANY AND OTHERS.
## THOMAS KEAVENY AND OTHERS, APPELLANTS.[1]

March 9, 1923.

No. 23,280.

**When signer of promissory note is an indorser.**

  1. Under the Negotiable Instruments Act, a third party who places his signature upon a promissory note before delivery to give it credit is an indorser, unless he indicates by appropriate words that he signs in some other capacity.

**Presentment of note necessary to charge indorsers.**

  2. To charge indorsers, a promissory note must be presented for payment on the day on which it falls due.

Action in the district court for Traverse county to recover upon a promissory note. The case was tried before Flaherty, J., who when plaintiff rested denied defendants' motions to dismiss the action and at the close of the trial defendants' motion for a directed verdict, and a jury which returned a verdict for $387.78 against Thomas Keaveny, Nick Koltes and John Swedlund. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*Murphy & Anderson*, for appellants.

*Charles E. Houston*, for respondent.

TAYLOR, C.

Defendant mercantile company executed a promissory note to plaintiff for a past due indebtedness; and, as part of the same transaction and before delivery, the individual defendants signed their names in blank upon the back of it. Plaintiff sued all the defendants as makers of the note. The individual defendants, among other defenses, asserted that they were indorsers of the note, not makers, and had never been notified of its nonpayment. The mercantile

[1]Reported in 192 N. W. 492.

company, having been adjudged a bankrupt in bankruptcy proceedings, the action went to trial against the individual defendants only. The court ruled that they were makers of the note, not indorsers, and plaintiff had a verdict. They appealed from an order denying a new trial.

The question presented is whether the individual defendants were makers or indorsers. A person who places his signature upon a promissory note before delivery to give it credit was a maker under the law of this state as it existed before the adoption of the Uniform Negotiable Instruments Act. 1 Dunnell, Minn. Dig. § 945 and cases cited. That act has been adopted in nearly all of the states for the purpose of bringing about uniformity in the laws governing negotiable instruments. The act provides:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Section 63.

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery he is liable as indorser." Section 64.

"Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser." Section 17.[1]

The courts of other jurisdictions, without a dissenting voice so far as our examination has extended, hold that under the above quoted provisions of the act a third party who places his signature upon a promissory note before delivery to give it credit is an indorser not a maker. Rockfield v. First Nat. Bank, 77 Oh. St. 311, 83 N. E. 392, 14 L. R. A. (N. S.) 842; Lightner v. Roach, 126 Md. 474, 95 Atl. 62; Gibbs v. Guaraglia, 75 N. J. Law, 168, 67 Atl. 81; Pharr v. Stevens, 124 Tenn. 669, 139 S. W. 730; Baumeister v. Kuntz, 53 Fla. 340, 42 South. 886; First Nat. Bank v. Bickel, 143 Ky. 754, 137 S. W. 790; Walker v. Dunham, 135 Mo. App. 396, 115 S. W. 1086; American Trust Co. v. Canevin, 184 Fed. 657, 107 C. C. A. 543;

[1] [Laws 1913, p. 383, c. 272.]

Haddock B. & Co. v. Haddock, 192 N. Y. 499, 85 N. E. 682, 19 L. R. A. (N. S.) 136; Farquhar v. Higham, 16 N. D. 106, 112 N. W. 557; Deahy v. Choquet, 28 R. I. 338, 67 Atl. 421, 14 L. R. A. (N. S.) 847; Montpelier Bank v. Montpelier Lumber Co. 16 Idaho 730, 102 Pac. 685; Toole v. Crafts, 193 Mass. 110, 78 N. E. 775, 118 Am. St. 455; Fourth Nat. Bank v. Mead, 216 Mass. 521, 104 N. E. 377, 52 L. R. A. (N. S.) 225; Neosho Milling Co. v. Farmer's Co-op. Co. 130 La. 949, 58 South. 825; J. W. Perry Co. v. Taylor Bros. 148 N. C. 362, 62 S. E. 423; Colley v. Summers, Parrott Hardware Co. 119 Va. 439, 89 S. E. 906, Ann. Cas. 1917D, 375; Farmers & Merchants Bank v. National Bank, 85 W. Va. 371. For other citations see 8 C. J. 75.

Many of the cases cited are from jurisdictions in which the rule had been the same as in this state until it was changed by the enactment of the Negotiable Instruments Act. The present case seems to be the first in which this court has been called upon to determine whether that act changes the prior rule in this state, that a third party who signs a promissory note before delivery is bound as maker. That act was passed by the legislature for the purpose of making the law of this state uniform with the law of other states, to the end that the rights and liabilities of parties to negotiable paper shall be the same in all jurisdictions. Giving effect to the express provisions of the act as construed by an unvarying line of authorities, we are constrained to hold that the rule formerly followed in this state has been abrogated, and that the individual defendants were indorsers of the note in controversy instead of makers.

Although plaintiff placed its cause of action squarely on the proposition that the individual defendants were makers of the note, and did not allege that it had been presented for payment, nor that notice of nonpayment had been given, yet, at the trial, plaintiff presented testimony that in fact payment had been demanded and notice of nonpayment had been given. This demand, however, was not effective to charge indorsers, for the reason that the note became due January 16, and the demand was not made until January 17. The demand must be made on the day on which the instrument falls due. Negotiable Instruments Act, § 71; 3 R. C. L. 1191; Torgerson v. Ohnstad, 149 Minn. 46, 182 N. W. 724.

The order appealed from is reversed.