ALMA BREDOW vs. NICHOLAS WOLL.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued October 23d—decided December 18th, 1928.

*Clayton L. Klein* and *J. Joseph Smith,* with whom, on the brief, were *Frederick M. Peasley* and *Joseph E. Talbot,* for the appellant (defendant).

*Albert Hummel,* with whom, on the brief, was *Emil Hummel,* for the appellee (plaintiff).

BANKS, J. The plaintiff offered evidence to prove the following facts: On March 5th, 1920, one Bohm made his note of that date in the sum of $1,500, payable to the order of the defendant on demand with interest at six per cent. In June, 1920, Bohm paid the defendant $500 on the note, and on October 25th, 1921, the defendant indorsed the note to the plaintiff. Thereafter Bohm paid the plaintiff interest upon the note semiannually to May 1st, 1923. On October 17th, 1923, the plaintiff presented the note for payment to Bohm, who told her that he would pay it

the following Monday, October 22d. On that day the plaintiff went to Bohm's place of business to collect the note and found that he had left for parts unknown the previous day. She thereupon, on the same day, went to the defendant's place of business and notified him that she had presented the note for payment on that day and that Bohm had made default of payment, and demanded payment of the defendant. These facts were not disputed by the defendant, except as to the date of the notice given by the plaintiff to the defendant, the latter claiming to have proved that no notice of presentment was given him until four or five days after the Monday following the 17th of October. The defendant claimed that presentment of the note was not made within a reasonable time, and that in any event the note was dishonored on October 17th, when it was first presented to Bohm for payment, and that notice of the presentment given to the defendant five days later, on October 22d, did not comply with the requirement of the statute.

The court correctly left it for the jury to determine as a question of fact whether the presentment in this case was made in a reasonable time. *Oley* v. *Miller,* 74 Conn. 304, 50 Atl. 744.

Upon the question of when the note was dishonored, the court charged the jury that as a matter of law the note was not dishonored when presentment was made on October 17th because Bohm at that time promised to pay it on the 22d and that dishonor did not occur until the latter date. Since the facts were not in dispute, the question of when dishonor occurred was one of law for the court, but we think that its determination was erroneous. The Negotiable Instruments Act, General Statutes, §4441, provides: "The instrument is dishonored by nonpayment when, (1) it is duly presented for payment and payment is refused or can-

not be obtained, or (2) presentment is excused and the instrument is overdue and unpaid." Under this provision of the Act, the note is dishonored when it is not paid upon presentment, whether nonpayment results from an actual refusal or, in the absence of such refusal, because payment cannot be obtained. Where a note is made payable at a bank, and the maker has no funds in the bank upon the due date sufficient to meet the demand, the note is dishonored. General Statutes, §4433. Presentment must be made at a reasonable hour on a business day (General Statutes, §4430) or, if the note is payable at a bank, within banking hours (General Statutes, §4433) and if not paid when so presented may be treated as dishonored (8 Corpus Juris, p. 547, §760), though it has been held that, in the case of a note payable at a bank, the maker is protected if he deposits money sufficient to cover the note before the close of banking hours, although he had no money in the bank when demand was made at an earlier hour on the same day. *German-American Bank* v. *Milliman,* 65 N. Y. Supp. 242. A note payable upon demand is dishonored if the holder fails to obtain payment upon presentment, or at the latest, if payment cannot be obtained upon the day when the demand is made, which thereby becomes the date of maturity, though the maker then promises to pay it on some future day. *Lockwood* v. *Crawford,* 18 Conn. 360, 373; *Torgenson* v. *Ohnstad,* 149 Minn. 46, 182 N. W. 724. Such promise of future payment cannot be considered the equivalent of payment which alone would prevent dishonor. The finding makes it clear that payment of this note could not be obtained when the plaintiff presented it for payment on October 17th. The most that she could get was a promise to pay it five days later, at which time the maker had absconded.

The law requires presentment and notice as con-

ditions precedent to the liability of the indorser, who is only secondarily liable upon the note, to protect him from loss which might result from the holder's laches. 2 Daniel on Negotiable Instruments (2d Ed.) §1170. It is only by strict compliance with the rather rigorous rules of the law merchant that the indorser, who is not primarily liable upon the note, can be made responsible to the holder. It is conceded that, if the note was dishonored on October 17th, the notice to the defendant was not given within the time required by the statute. General Statutes, §4461.

There is error and a new trial is ordered.

In this opinion the other judges concurred.