PROVIDENT, ETC., ASSURANCE SOCIETY *v.* EDMONDS.

(*Jackson*.   May 23,   1895.)

1. BILLS AND NOTES.   *Indorsers are co-makers, when.*

The indorser of commercial paper before delivery, on whose credit it is taken, is liable to the payee as a co-maker.   (*Post, pp. 54–56.*)

Case cited and approved: Bank *v.* Jefferson, 92 Tenn., 537.

2. SAME.   *Not void as compounding felony.*

A note given in settlement of a deficit of an agent, and for the purpose of securing to him further employment, is not invalid because the agent was liable to prosecution for his defalcation, in the absence of any threat to prosecute or agreement not to prosecute.   (*Post, pp. 56, 57.*)

Case cited and approved: Armstrong *v.* So. Express Co., 4 Bax., 376.

3. PRINCIPAL AND AGENT.   *Agent's knowledge not imputed to principal, when.*

An insurance company cannot be affected by knowledge of its general manager in respect to matters between him and a subordinate agent, on which the general manager is liable to the company as surety of such agent.   (*Post, pp. 57, 58.*)

4. SUPREME COURT.   *Will not correct decree, when.*

A decree of affirmance will not be corrected by this court on motion made at the same term, to provide for payment in gold coin according to stipulations in the instruments on which the recovery was had, when the question is first made by such motion.   (*Post, pp. 58, 59.*)

Code construed: §§ 3588, 3589 (M. & V.), §§ 2877, 2878 (T. & S.).

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

EDGINGTON & EDGINGTON for Insurance Company.

FRAZER & HEATH for Edmonds.

WILKES, J. Suit is brought to recover from defendants, as executors of M. Burke, on two notes, each for $3,500, made December 3, 1890, and due, respectively, in one and two years. The notes were signed by R. H. Baker and W. G. Baker, were payable to complainant company, and indorsed by R. B. Parrott and M. Burke. M. Burke has died and defendants, Edwards & White, are his executors.

Upon the hearing, the Chancellor gave judgment for the amount of the two notes against the defendants, as executors, and they have appealed, and assigned errors.

We think it only necessary to pass upon the questions raised by the assignment, without disposing of them seriatim. It is insisted that M. Burke's liability on this note is that of an indorser, or, at most, a guarantor, and that there can be no recovery from him without proof of demand, protest, and notice. It appears from the proof that R. H. and W. G. Baker were stepsons of M. Burke, in whom he took a deep interest. Parrott was the general agent of complainant company, and the Bakers were the agents of the company in California, and under the supervision of Parrott.

It also appears that the Bakers, in the conduct of the business of the company in California, had become indebted to the company in something over

$8,000. In order to settle up their deficit, they executed their two notes, and Parrott and Burke indorsed the same, and, after being indorsed, they were forwarded to and accepted by the company in satisfaction and settlement of the deficit of the Bakers. Under these facts, the liability of M. Burke is not that of an indorser of commercial paper, but that of a co-maker with the Bakers, so far as the complainant company is concerned, and neither demand, protest, or notice is necessary to fix his liability. *Bank* v. *Jefferson,* 8 Pickle, 537; Tiedeman on Com. Paper, §§ 270, 271, 272, 273. It is again said that there is no valid legal consideration for the indorsement, first, because it was procured after the notes were executed and accepted upon the faith alone of the makers; second, because the indorsement was in consideration of compounding a felony.

Without going into a lengthy discussion of the facts of the case, we think the evidence satisfactorily shows : That the Bakers had gotten behind with the company in the management of its affairs in California, and were indebted to the company in something over $8,000. Parrott, the general manager of the company was liable to make good this deficit to the company, in the event it was not done by the Bakers. Burke, the stepfather, was interested in the welfare of the Bakers. Notes were prepared for $7,000 to compromise and settle the deficit, and they were executed by the Bakers and handed to Parrott, who returned them to the Bakers to have them get the

signature and indorsement of Burke. These notes in some way miscarried, and were not indorsed by Burke, and appear to have been lost. The notes now sued on were then prepared and signed by the Bakers, and handed to Parrot and indorsed by him. They were then forwarded by Parrott to Burke, at Memphis, and, after being indorsed by him, were forwarded to and accepted by the complainant company in settlement of its account with the California agency. We are satisfied from the proof that the notes were not accepted by either Parrott or the company until after they were indorsed by Burke, and they were accepted partly, and perhaps mainly, upon the faith of his indorsement. We are also satisfied from the record that the notes were indorsed by Burke for the purpose of settling the accounts of his stepsons in their California agency, and to secure for them further employment by the company, which it had been arranged should be given them if the deficit should be settled and a bond executed to cover future operations.

It is said, however, that there was an agreement to compound a felony in consideration of this indorsement, and hence it was illegal and void. The evidence on which this claim is based is, mainly, certain letters and telegrams from Parrott to Burke urging the indorsement of the notes in order to cover up the deficit and close the account. We have examined all these communications, and find in them no threat to prosecute the Bakers, and no agreement

not to prosecute them in the event the indorsement was made and a settlement effected, though there is an urgent request for the indorsement, and a plain statement as to the possible consequences of a failure to settle. We are satisfied that the consideration of the note was the settlement of the deficit to the company and the obtaining of further employment in its service by the Bakers, and it is immaterial whether a felony had or had not been committed in the conduct of the California agency, as there was no agreement to compound such felony, if it had been committed. *Armstrong* v. *Southern Express Co.*, 4 Bax., 376.

It should be borne in mind that the controversy in this case is between the complainant company and M. Burke alone. What may be the equities as between Parrott and Burke and the Bakers we need not inquire. The company cannot be affected by any of these equities, nor by any acts of Parrott in effecting this settlement, or any facts of which he may have been cognizant. It is true that, as to the public, he was the general agent of the company, and, as to the public, the company would be affected by the notice which Parrott may have had, and by his acts in relation to their business. But in the matter of this settlement the company dealt at arm's length with the Bakers and Parrott, and as independent individuals, and not with the public through them, as agents, and Burke stands as surety for the Bakers, and co-makers with them and Parrott, as to

the company. There are are other assignments, which need not be noticed in detail.

Affirm the decree of the Court below, with costs.

WILKES, J. At a day of the same term of the Court at which this opinion was delivered, complainant made application to correct or remodel the decree of the Court below, so that it shall direct principal and interest of the amount recovered to be paid only in United States gold coin, according to stipulations in the instruments sued on and made part of the record. It is true the instruments sued on do so provide upon their face, but this feature was not referred to in the bill filed, and no claim was made that the judgment should be so shaped, and it does not so provide. No exception was taken by complainant to the judgment as rendered in the Court below, and there was no appeal or other proceeding in error by complainant, and upon the hearing in this Court no contention for such judgment was made.

The application to this Court is made under §§ 3588–9 of the statutes (M. & V. Code) which provide for the correction of clerical errors, mistakes in calculation of interest, and other mistakes and omissions apparent from the face of the record.

We do not think this application falls within the provisions of these statutes, but the application presents and involves questions which the defendant had a right to litigate and contest. The application to

correct and remodel is, therefore, denied, and decree will be entered here simply affirming the decree and judgment of the Court below, and remanding the cause for such further proceedings as the pleadings warrant.