JAMES W. TOOLE *vs.* HOWARD A. CRAFTS & another.

Hampden.    September 26, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Bills and Notes    Waiver.    Fraud.    Evidence,* Of operation of mind to show effect of fraud.

If an indorser of a note, after the time for making a demand on the maker required to charge him as indorser has expired without such a demand having been made, signs upon the back of the note a waiver of "demand, notice and protest," knowing the facts which have released him from liability but in ignorance of their legal effect, such ignorance in the absence of fraud does not save him from the consequences of his waiver.

In an action against the indorser of a promissory note, if it appears that, after the time for making a demand on the maker required to charge the defendant as indorser had expired without such a demand having been made, the defendant signed upon the back of the note a waiver of "demand, notice and protest," and the defendant contends that his signing of the waiver was procured by false and fraudulent representations made to him by the attorney of the plaintiff, the defendant may show by his own testimony that at the time he signed the waiver, although he knew the facts, he did not know their legal effect and was not aware that he had been relieved from liability on the note, such evidence of the operation of his mind being admissible upon the question whether the representations made to him by the attorney of the plaintiff were the effective inducement of his action.

CONTRACT on a promissory note against the maker and the indorser as stated in the first paragraph of the opinion. Writ in the Police Court of Holyoke dated August 2, 1904.

On appeal to the Superior Court the case was tried before *Flaherty*, J. The defendant, Howard A. Crafts, the maker of the note, admitted his liability and the judge ordered a verdict for the plaintiff as against him. At the close of the evidence the defendant Linus D. Crafts, the indorser of the note, asked

the judge to rule that on the pleadings and the evidence the plaintiff could not recover against him, and also asked for other rulings, there being in all ten requests. The judge refused to rule as requested, and submitted the case to the jury against the defendant Linus D. Crafts. The jury returned a verdict for the plaintiff in the sum of $451.33 ; and the defendant Linus D. Crafts alleged exceptions, which, after the death of *Flaherty*, J., were allowed by *Hitchcock*, J.

*A. L. Green*, (*F. F. Bennett* with him,) for the defendant Linus D. Crafts.

*C. T. Callahan*, for the plaintiff.

HAMMOND, J. This is an action upon a promissory note dated April 2, 1900, signed by the defendant Howard A. Crafts and payable to the order of the plaintiff on demand. Before its delivery to the plaintiff the other defendant Linus D. Crafts, who alone defends, placed his name upon the back of it. He is therefore liable only as an indorser. St. 1898, c. 533, § 63, now R. L. c. 73, § 80. No demand sufficient to charge him as indorser ever was made upon the maker, and, if the matter had stood there, his defence would have been perfect. But the matter did not stand there. Upon June 27, 1904, when the time for making a demand upon the maker sufficient to charge the indorser had expired, a conversation took place between one Allyn the attorney for the plaintiff on the one hand and Linus on the other, during which the former wrote upon the back of the note and the latter signed a waiver of " demand, notice and protest." The evidence as to the tenor of the conversation was conflicting, and one question was whether the waiver had reference to a demand, notice and protest which ought to have been made in the past in time to charge the indorser, or to a demand, notice and protest which the plaintiff was about to make. This question was submitted to the jury with proper instructions. The verdict shows that the jury found that the language had reference to the past.

The defendant contended that at the time he signed the waiver he was not aware that he had been freed from his liability, but the judge rightly ruled that if he knew the facts which released him his ignorance as to their legal effect would not save him from the consequences of the waiver. *Third National Bank* v. *Ashworth*, 105 Mass. 503.

The defendant contended that he was induced to sign the waiver by the false and fraudulent representations of Allyn acting for the plaintiff. This question was submitted to the jury under quite full instructions. The defendant has complained of those instructions, but we have not had occasion to consider them because we are of opinion that a new trial must be had for error in the exclusion of the evidence bearing upon this part of the defence.

To make good his defence of fraud the defendant was bound to show not only that the representations were false and fraudulent but that in reliance upon them he was induced to act as he did. Upon this branch of the defence, the operation of his mind was for the consideration of the jury, and on that subject he was a competent witness. *Knight* v. *Peacock*, 116 Mass. 362. He offered to show by his own testimony that at the time he signed the waiver he did not know that he had been relieved from liability on the note. This evidence was excluded. While, as above stated, it was not admissible to relieve him from the consequences of his waiver in the absence of fraud, yet upon the question of whether the representations of Allyn were the real and effective inducement to his action it was admissible. It might well be that a man believing himself to be liable upon a note could be more easily influenced to sign such a waiver than one who believed himself free from liability. A reading of the record shows that this evidence was offered at the stage of the defence in which the defendant was trying to prove the fraud. It should have been admitted. Its exclusion may have worked harm to the defendant. It becomes unnecessary to consider the other objections to the exclusion of evidence. They may not arise again.

*Exceptions sustained.*