Pharr v. Stevens.

HARRY N. PHARR *v.* CHARLES L. STEVENS *et al.*

(*Jackson.* April Term, 1911.)

1. **BILLS AND NOTES.** Before negotiable instruments law, accommodation indorser before delivery was liable as maker.

Before the enactment of the negotiable instruments law (Acts 1899, ch. 94), there could be no question upon our authorities that the accommodation indorser, of a negotiable instrument, before its delivery, was liable as a maker, without notice of demand and protest at the maturity of the instrument. (*Post, pp.* 671, 672.)

Cases cited and approved: Bank v. Jefferson, 92 Tenn., 538; Society v. Edmonds, 95 Tenn., 53; Bank v. Lumber Co., 100 Tenn., 480.

2. **SAME.** Since negotiable instruments law, accommodation indorser in blank before delivery is not liable as maker, but only as technical indorser entitled to notice.

Since the enactment of the negotiable instruments law (Acts 1899, ch. 94), which provides in section 63 that the person placing his signature upon a negotiable instrument otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity, and which provides in section 64 that where a person not otherwise a party to such instrument places thereon his signature in blank, before delivery, he is liable as indorser, it is *held* that one who indorsed a negotiable promissory note in blank, before its delivery, for the accommodation of the maker, is not liable as maker, but is only liable as a technical indorser, at least, in the absence of a showing that he intended to be bound in some other capacity than that of such indorser.

Cases cited and approved: Tool v. Crafts, 193 Mass., 110; Deahy v. Choquet, 28 R. I., 338; Rouse v. Wooten, 140 N. C., 557.

3. SAME.   Same.   Evidence insufficient to show that accommodation indorser before delivery intended to be bound as maker.

Evidence showing the fact that an accommodation indorser of a negotiable promissory note, before its delivery, knew that the note was a renewal of a former indebtedness, for which he was not liable, and that the payee accepted such note upon the faith of such indorsement, and the fact that such indorser and the maker were somewhat intimate, and were interested together in some land purchases in Mexico, does not show that such indorser intended to be bound as maker, or otherwise than as technical indorser.   (*Post, pp.* 673-675.)

Case cited and distinguished:   Bank v. Busby, 120 Tenn., 652.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. —H. DENT MINOR, Chancellor.

CARROLL & MCKELLAR and HUBERT FISHER, for complainant.

FANT & MCREE, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This bill is brought to recover of the defendants, W. S. Biles and Chas. L. Stevens, on the following note.

"$500.00                    Memphis, Tenn., 11-1-1908.

"On or before Jan'y 5, 1909, after date I promise to pay to the order of Harry N. Pharr five hundred dollars at Chickasaw Bank & Trust Co., value received, with interest at six per cent. per annum after maturity.

    "[Signed]                    Chas. L. Stevens."

And indorsed in blank before delivery, "W. S. Biles."

Stevens had borrowed from complainant Pharr $500 some time before the note in question was given. The original note was renewed at different times. At the maturity of the last renewal before the one in question, complainant demanded security of Stevens before he would permit a renewal. Stevens executed the above note, and Biles indorsed it in blank by writing his name across its back before it was delivered to the complainant, Pharr. Complainant accepted the note upon the responsibility and reliability of the defendant Biles. The weight of the evidence is that complainant would not have renewed the note without the indorsement of some solvent party, and Biles' indorsement was acceptable to him. The question presented is whether Biles is entitled to notice of demand and protest at the maturity of the note, or whether he is liable as maker.

Before the passage of the negotiable instrument act (Laws 1899, c. 94), there could be no question upon our

authorities that Biles' liability is that of maker. *Bank* v. *Lumber Company,* 100 Tenn., 480, 47 S. W., 85; *Bank of Jamaica* v. *Jefferson,* 92 Tenn., 538, 22 S. W., 211, 36 Am. St. Rep., 100; *Assurance Society* v. *Edmonds,* 95 Tenn., 53, 31 S. W., 168.

Indorsements of this kind are irregular, and the nature of the contract of such indorser has given rise to great divergence of opinion in the cases. There are three distinct rules prevailing in different jurisdictions respecting the nature of such an indorser's contract, known generally as the New York rule, the Pennsylvania rule, and the Massachusetts rule. It is not necessary to say more with this respect to these various rules than that the liability of such an indorser has been held to be that of an indorser, maker, surety, or guarantor. The authorities are set out in 7 Cyc., 664-666. The rule prevailing in this State prior to the passage of the negotiable instrument law was at least a modified form of the Massachusetts rule, whereby such an indorser is held to be maker, if his indorsement was given in order to procure credit for the maker with the payee. Still another rule prevailing in various jurisdictions is that the contract implied by such a signature is not fixed by the law merchant (to which it was not known), but depends upon the intention of the parties. While not so stated in terms, such was manifestly the rule applied in *Bank* v. *Jefferson,* supra, and *Assurance Society* v. *Edmonds,* supra.

With respect to this particular kind of contract, the negotiable instrument law of 1899 provides as follows:

"Sec. 63.  A person placing his signature upon an instrument otherwise than as a maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

"Sec. 64.  Where a person not otherwise a party to an instrument places thereon his signature in blank, before delivery, he is liable as indorser in accordance with the following rules:

"(1)   If the instrument is payable to the order of a third person he is liable to the payee and to all subsequent parties.

"(2)   If the instrument is payable to the order of the maker or drawer or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.

"(3)   If he signs for the accommodation of the payee he is liable to all parties subsequent to the payee."

Under section 64, it would seem entirely clear that the liability of Biles is fixed as that of an indorser, at least until it is shown by evidence that he intended to be bound in some other capacity.  It is said that this is shown by the fact that Biles knew that the note in suit was a renewal of former indebtedness, and that complainant accepted it upon the faith of Biles' indorsement. We do not think so.  On the contrary, this clearly indicates that Biles' intention was to be bound as surety for Stevens, and not as maker of the note.  It is not shown that Biles received any benefit from the proceeds of the

note, or that he waived any of his rights as indorser. It is true that it is shown that at the time of the execution of this note, Biles and Stevens were somewhat intimate, and were interested together in some land purchases in Mexico. But this, we think, falls short of showing that Biles intended to be bound as maker.

*Bank* v. *Busby,* 120 Tenn., 652, 113 S. W., 390, is cited as an authority for the proposition that the negotiable instrument law does not change the rule existing in this State prior to its passage with respect to contracts of this nature. We think this is a mistaken view of that case. That case does hold that the real contract as disclosed by the transaction itself can be shown in parol as between the payee and the indorser. Under the facts of that case, the contract of the indorsers was held to be that of joint makers, whose liability was fixed without notice of dishonor. But the question presented here is met directly by the negotiable instrument law in express terms. Section 64 evidently contemplates a case where a party to the instrument places his signature in blank upon it before delivery, and for the purpose of giving the maker credit with the payee. It is expressly declared that his liability is that of an indorser in accordance with the three rules set out in that section. 7 Cyc., 673; *Tool* v. *Crafts,* 193 Mass., 110, 78 N. E., 775, 118 Am. St. Rep., 455; *Deahy* v. *Choquet,* 28 R. I., 338, 67 Atl., 421, 14 L. R. A. (N. S.), 847; *Rouse* v. *Wooten,* 140 N. C., 557, 53 S. E., 430, 111 Am. St. Rep., 875.

Pharr v. Stevens.

The court of civil appeals and the chancery took the view that this court had held otherwise than as above indicated in *Bank* v. *Busby,* supra, and rendered judgment against the defendant Biles in accordance with the prayer of the bill.   The result is that the bill is dismissed with costs.