## Elsey v. Peoples Bank of Bardwell.

(Decided February 24, 1916.)

### Appeal from Carlisle Circuit Court.

1. Principal and Surety—Negotiable Instruments.—One who signs a promissory note on the face thereof, and who, in that way becomes a surety for the principal maker, becomes, by force of section 191 of the negotiable instruments law, primarily liable for the payment of such note, and is not discharged under section 119 of that act, in case the creditor surrenders to the principal debtor securities pledged for the payment of the note.
2. Statutes—Negotiable Instruments Act.—The Negotiable Instruments Act (Ky. Stats., Chap. 90b) covers the entire subject of negotiable instruments and must be treated as a complete body of law upon that subject, and controlling in all cases to which it is applicable.

JOHN E. KANE for appellant.

ROBBINS & ROBBINS and T. M. COLLINS for appellee.

RESPONSE BY CHIEF JUSTICE MILLER TO PETITION FOR REHEARING—Granting rehearing and affirming.

The facts of this case may be found in 166 Ky., 386.

The case was prepared and tried in the circuit court, and argued and decided upon the appeal to this court, upon the theory that the note was not a negotiable instrument, or was not affected by the negotiable instruments law of this State. Neither party mentioned that act in his brief; and in their petition for a rehearing, counsel for appellee concede that the case was correctly decided in this court under the law of this State which antedated the negotiable instruments law.

For the first time, however, it is suggested in the petition for a rehearing that under the negotiable instruments law, J. L. Elsey, although he was a surety, is primarily liable upon the note sued on, and has not been discharged from that liability in any one of the five ways provided in section 119 of the act.

The case is controlled by the negotiable instruments act, which is found in chapter 90b of the Kentucky Statutes.

Section 60 of that act reads as follows:

"The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to endorse."

In the case at bar, J. L. Elsey signed the note without anything appearing on the face of the note to indicate that he signed it as surety, or as other than maker.

Section 29 of the act further provides, as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

And, section 191 thereof, further provides:

"The person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable."

Finally, section 119 also provides:

"A negotiable instrument is discharged:

"1. By payment in due course by or on behalf of the principal debtor.

"2. By payment in due course by the party accommodated, where the instrument is made or accepted for accommodation.

"3. By the intentional cancellation thereof by the holder.

"4. By any other act which will discharge a simple contract for the payment of money.

"5. When the principal debtor becomes the holder of the instrument at or after maturity in his own right."

In First State Bank of Nortonville v. Williams, 164 Ky., 143, it was held that an accommodation maker, or surety, on a promissory note, was primarily liable, although the fact of suretyship was known to the payee.

The authorities sustaining the doctrine are cited in that case, where it was said that the act having covered the entire subject of discharge and release, it controls; and its meaning should be ascertained by interpreting the language used, and not by assuming that the former law on the subject should remain unaltered.

And it may be said to be the general rule that one who signs a promissory note on the face thereof, and who, in that way becomes a surety for the principal maker, as J. L. Elsey did in this case, is, by force of section 191, *supra*, primarily liable for the payment of such note. First State Bank of Nortonville v. Williams, 164 Ky., 143; Rouse v. Wooten, 140 N. C., 557, 111 Am. St. Rep., 875; Vanderford v. The Farmers' & Mechanics' National Bank, 105 Md., 164, 10 L. R. A. (N. S.), 129; Richards v. Market Exchange Bank Co., 81 Ohio St., 348, 26 L. R. A. (N. S.), 99.

In view of the decision in the Williams case, a further discussion of J. L. Elsey's liability is unnecessary. And, J. L. Elsey not having been discharged in any one of the ways provided by section 119, *supra*, he remains liable upon the note.

Appellant insists, however, that it was never contemplated by the legislature in passing the negotiable instruments law that it should have the effect to repeal or abrogate existing laws with reference to the duties and liabilities of parties to negotiable instruments, and that sureties remain as formerly, the favorites of the law and bound only by the letter of their obligations. The act, however, covers the entire subject of negotiable instruments and must be treated as a complete body of law upon that subject, and controlling in all cases to

which it is applicable.    Broaddus' Dev. v. Broaddus' Hrs., 10 Bush, 299.

The petition for a rehearing is granted; the former opinion is withdrawn; and the judgment of the circuit court is affirmed.