## Smith v. National Bank of John A. Black.

(Decided February 1, 1918.)

### Appeal from Knox Circuit Court.

1. Bills and Notes—Defenses—Trial.—Where in an action upon a note one of the obligors, by answer, alleged that his signature to the note was procured by fraud on the part of the payee, and the evidence heard on the trial wholly failed to prove the alleged fraud, it was not error for the trial court to peremptorily instruct the jury to return a verdict against such obligor for the amount of the note.

2. Bills and Notes—Pleading—Non Obstante Veridicto.—A motion of the defendant for a judgment in his behalf non obstante veridicto, based on the ground that the petition upon a note in which he was an obligor was fatally defective because of its failure to allege that the note was not "executed and delivered" by him to the payee, was properly overruled by the trial court. As the petition otherwise sufficiently alleged the execution of the note, that it was a renewal of others previously executed by the defendant and his co-obligors, that by its terms the latter promised and agreed to pay the amount of the note at maturity, that the note was accepted by the payee and was not paid at maturity or at all, rendered unnecessary the additional allegation that it was executed and delivered to the payee. Moreover, the following allegation contained in the defendant's answer: "He (defendant) denies that he made, executed or delivered said note," cured the alleged defect in the petition. And the denial by the reply of this negative allegation of the answer, whether necessary or not, put in issue the fact whether the note was executed and delivered.

SAWYER A. SMITH for appellant.

J. R. LAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

In this action brought by the "National Bank of John A. Black" upon a note of $500.00 of date February 15, 1915, and due four months thereafter, the bank obtained judgment against the makers, Wm. Bailey, J. R. Bailey

and Pierce Smith, following a verdict in its favor for the amount thereof, returned in obedience to a peremptory instruction given by the trial court at the conclusion of all the evidence. Pierce Smith, one of the obligors in the note, entered a motion for a judgment in his behalf *non obstante veridicto,* which the court overruled. He thereupon filed a motion and grounds for a new trial, which was refused, and he has appealed.

The separate answer filed by the appellant, Smith, simply interposed the defense that his signature to the note was procured by fraud on the part of the appellee. The following facts appear from the evidence: About ten years prior to the execution of the note sued on, appellee loaned to Wm. Bailey, J. R. Bailey, Matthew Horn, and the appellant, Pierce Smith, $500.00, for which they executed and delivered to it their promissory note. This note was renewed every four or six months from that time down to February 15, 1915, at which time the last renewal, the note sued on, was executed by the two Baileys and the appellant, Smith; Matthew Horn having died in February, 1913, intestate and insolvent. The two Baileys were brothers and Horn and Smith their brothers-in-law. The four makers appear to have been joint obligors; at any rate it was not alleged in the answer of the appellant, Smith, that he was a surety upon the note. In an amended answer it was alleged that he agreed with appellee that he would sign the note sued on as surety for the Baileys, if Horn would also sign it, but the averment could not have been true, because Horn had been dead two years when the note was executed and appellant's own testimony shows that fact was known to him when he signed the note, and that he had signed several previous renewals of the note after Horn's death. The evidence wholly fails to show that any fraud was practiced upon the appellant in obtaining his signature to the note sued on, or any of those previously given by him and his co-obligors, of which it was the last renewal. The evidence further shows appellant's admission that when he signed the note it contained an entry upon the back showing it was a renewal of the Bailey note. There was no claim that the note had been paid or that for any other reason appellant had been discharged from liability thereon. Manifestly, whether the appellant was a joint principal or only a surety in the note, he was primarily liable thereon to the bank for the amount thereof. Elsey v. Peoples Bank of Bardwell, 168

Ky. 701; First State Bank of Nortonville v. Williams, 164 Ky. 143.

His liability on this note and on the previous renewals of the original note was not affected by the death of Horn. Indeed, no denial was ever made by appellant of his liability on the note until after the maturity of the renewal sued on, its protest and the demand made of him by appellee for its payment; and if, as claimed by him, the insolvency of the Baileys and the death of Horn left him as the only solvent obligor in the note, the misfortune and loss resulting to him therefrom were caused by no act of appellee. In brief, none of the causes which, under section 191 of the negotiable instruments act, would have released him from liability upon the note, were shown to exist. So upon the evidence, the giving by the court of the peremptory instruction directing a verdict for appellee, was authorized.

The principal ground relied on by appellant for a new trial in the court below and also for a reversal of the judgment on this appeal is, that the trial court erred in overruling his motion for a judgment *non obstante veridicto*. This contention rests upon what is claimed to be a defect in the petition; the alleged defect being that it failed to allege that appellant either jointly with his co-obligors or individually "executed and delivered" the note sued on. We think the averments of the petition sufficiently set forth the execution and delivery of the note as well as the promise of the makers to pay the same; but if this were not true the failure to allege in explicit terms that it was "executed and delivered" by the makers, including appellant, was cured by the amended answer filed by appellant containing these words: "He denies that he made, executed or delivered said note." Whether its denial was necessary or not, this negative allegation was controverted by the appellee's reply, which put in issue the very fact appellant complains that the petition omitted to allege; moreover, the admissions made by him in giving his testimony show the due execution and delivery by him of the note. The attempted defense set up by the answer of appellant, as amended, was wholly devoid of merit.

Wherefore, the judgment is affirmed.