Rogers *v.* Farnsworth.

Opinion delivered April 14, 1930.

A. F. Smith, for appellant.

W. A. Bates, Sam T. Poe and Tom Poe, and McDonald Poe, for appellee.

KIRBY, J. The question here presented for determination is whether an accommodation maker of a joint and several negotiable promissory note can escape liability thereon to one entitled to subrogation to the payee's right to payment having been compelled to pay the note to protect shares of stock owned by him wrongfully pledged by the payee as collateral without knowledge or consent of the owner to secure the payment of the note.

The agreed statement of facts shows and the court found that appellee, C. O. Farnsworth, was an accommodation maker of the note, and, having received no part of the consideration for which the note was given, was not liable to the payment thereof, having executed same on condition that the other joint maker pledge with the note as collateral the stock of the par value of $1,000, which was done, and that the withdrawal of the stock first pledged 8 months thereafter and the substitution of other certificates of the same kind of stock belonging to appellant, without her knowledge or consent, could make no difference as to his liability.

Appellee, though an accommodation maker, was liable primarily on the note, being by its terms absolutely required to pay it, and his rights and liabilities thereon as to third parties the same as those of the other joint maker who received a valuable consideration for its execution. Section 7762, C. & M. Digest; 3 R. C. L., § 336 and notes.

Appellant was not a party to the note sued on, had no knowledge or information of its execution and terms or that her stock had been wrongfully pledged as col-

lateral seven months after its execution, nor until she sought to pay her notes given for the purchase price of the stock in accordance with the contract of sale, and for which the stock was held as collateral.

The court erred in not holding appellee liable, and rendering judgment against him, for the same amount as recovered against the other maker of the note, and the decree will be reversed and the cause remanded with directions to enter such judgment. It is so ordered.