RAE STRICKS, Respondent, Appellant, *v.* ABRAHAM I. SIEGAL, Defendant, and YETTA FEINBERG, Appellant, Respondent.*

Supreme Court, Appellate Term, First Department, October 8, 1930.

*McManus, Ernst & Ernst* [*Nathaniel M. Sokolski* of counsel], for the appellant Stricks.

*William V. Glickman,* for the appellant Feinberg.

PER CURIAM. The second defense is sufficient. On this motion the question of the meaning of the New Jersey statute pleaded was one of law. (*Hanna* v. *Lichtenhein,* 225 N. Y. 579.) Therefore, under the rules of construction followed in this State, the prohibited corporate acts are deemed void without being expressly so declared by the statute. (*Crocker* v. *Whitney,* 71 N. Y. 161, 170; *Bath Gas Light Co.* v. *Claffy,* 151 id. 24.) If it be established as a fact on the trial that the New Jersey law creates an estoppel against such a defense unless the *status quo ante* is restored, a different result would be effected.

The third defense is sufficient because the New Jersey statute against usury prohibits such agreements and thus relates to the substantive law. It is not merely remedial because it also contains a provision permitting the recovery of the principal of the sum loaned but not the recovery of interest or costs.

The fifth defense is insufficient for the reason that there is no averment therein to show whether the note in suit was executed in New York or at some other place. In the absence of a plea that the note was made in some other State, the law of New York at the time of the making of the note (including statutory law applicable) and not the common law of this State, would apply. Therefore, irrespective of whether the doctrine of *Pain* v. *Packard* (13 Johns. 174) is still recognized as part of our common law, under our present Negotiable Instruments Law an accommodation maker is liable primarily to the payee or his assignee, and not merely liable as a surety. (*National Citizens' Bank* v. *Toplitz,* 81 App. Div. 593; affd., on other grounds, 178 N. Y. 464.)

Order modified so as to read: Motion for summary judgment denied, and motion to strike out first, fourth and fifth defenses granted, with ten dollars costs, and motion to strike out second and third defenses denied, with leave to defendant to serve an amended answer within five days after service of order upon payment of said costs, and as modified affirmed, without costs.

All concur; present, CALLAHAN and PETERS, JJ.