[Civil No. 3422.   Filed October 4, 1934.]

[36 Pac. (2d) 555.]

M.   JEANETTE   YOUNG,   Appellant,   v.   ELLA
CARR,   Appellee.

Mr. Arthur L. Goodmon and Mr. James E. Nelson, for Appellant.

Mr. Austin O'Brien and Mr. James A. Walsh, for Appellee.

McALISTER, J.—Ella·Carr brought suit against M. Jeanette Young on two promissory notes in both of which she was the payee.   One of them was dated

May 1, 1930, and obligated the makers, Harriet H. Carr and M. Jeanette Young, to pay $600 with six per cent. interest one year after date. The other was dated February 16, 1931, and bound the maker, M. Jeanette Young, to pay $200 with interest at six per cent. six months after date. By direction of the court the jury returned a verdict for the plaintiff for the full amount of both notes and from the judgment entered thereon this appeal has been prosecuted.

In her answer the defendant sets up three defenses: First, that she was an accommodation surety and the principal maker, Harriet H. Carr, who was a resident of Maricopa county, Arizona, a fact known to the plaintiff at the time, was not joined in the suit as a codefendant; second, that the plaintiff released the defendant from payment in this way; she had in her possession through her agent money belonging to the latter, the principal maker, and, instead of applying it to the payment of the notes, allowed it to pass from her to the principal maker, Harriet Carr; and, third, that Harriet Carr, the principal debtor, stated to her that the notes had been paid.

The defendant (we will refer to the parties as they appear in the superior court) makes three assignments of error but relies upon two propositions of law. The first is that she was an accommodation surety and under the provisions of section 3732, Revised Code of 1928, could not be sued alone because the principal maker who was within the jurisdiction of the court when process was served was not made a party to the suit. This section reads as follows:

"§ 3732. Actions against surety, assignor or indorser. The assignor, indorser, guarantor and surety

upon a contract, and the drawer of a bill, which has been accepted, may be sued without the maker, acceptor or other principal obligor, when the latter reside beyond the limits of the state, or in such part of the same that they cannot be reached by the ordinary process of law, or when their residence is unknown and cannot be ascertained by the use of reasonable diligence, or be dead, or insolvent."

The substance of the answer, in so far as it concerns this proposition, is that on May 1, 1930, and for a long time prior thereto, the defendant and Harriet Carr, one of the makers of the note of that date, had lived together on a ranch near Phoenix, Arizona, the partnership property of the two, and that on divers occasions prior thereto, the plaintiff Ella Carr, had loaned her sister, Harriet, various sums of money totaling $600; that on May 1, 1930, the plaintiff requested Harriet Carr to execute a note in this amount payable to her and asked defendant to sign with Harriet Carr and that, having full confidence in the latter, she signed it as an accommodation to her, a fact which the plaintiff well knew, and thereby became an accommodation surety thereon; that at the time process was served upon the defendant, Harriet Carr was living in Maricopa county, Arizona, and could have been served, a matter well known to the plaintiff and her attorney; that the plaintiff could not under the statute bring an action on the note against the defendant nor could judgment be rendered against her unless Harriet Carr, the person primarily liable thereon, be made a party and judgment rendered against her also, either then or prior thereto.

Under the provisions of section 3732, *supra,* one may bring an action against the assignor, indorser, guarantor or surety upon a contract without joining the maker or principal obligor, but this can only

be done when the latter comes within one of the exceptions mentioned therein, that is, when he resides out of the state, etc. The defendant contends that, having signed the note merely as an accommodation surety, the fact that the principal maker who was in the county when the action was filed and could have been served with process, was not made a party, had the effect of releasing her from the obligation, and to support this view cites two decisions of this court, *Rhoton* v. *Woolford*, 24 Ariz. 562, 211 Pac. 858, and *United States Fidelity & Guaranty Co.* v. *Alfalfa Seed & Lumber Co.*, 38 Ariz. 48, 297 Pac. 862, 863. The court did say in the first of these cases, an action against an indorser on a note in which the maker was not joined, that "The maker of the note should have been made a party defendant, or one of the statutory reasons for not doing so, as that he was a nonresident, etc., or dead, or actually or notoriously insolvent, should have been set out in the complaint, . . . " and in the second, an action under section 3836, Revised Code of 1928, by a materialman against the surety on a contractor's bond in which the principal thereon had not been joined, that "while section 3836 provides that all parties to a joint obligation may be sued jointly or severally, and in terms contains no exception, nevertheless the exception to such rule is found in section 3732," and to give effect to both of these sections, 3732 and 3836, the court construed them together and in doing so held that the right to sue a surety separately, which is conferred by section 3836, "is conditioned upon the existence of facts bringing the case within the exception stated in section 3732." Giving the two sections this meaning, the court said, accords with "section 3731, which provides, in effect, that a judgment may not be entered against a party not pri-

marily liable upon a contract until judgment is obtained against the principal obligor in such contract.''

The correctness of both holdings is without question but in neither of the cases was the court dealing with the rights and obligations of the maker of the note. In the first it was concerned with those of an indorser and in the second with those of a surety on a contractor's bond, both of whom are secondarily liable. It is apparent that what the court said concerning an indorser was not applicable here, because an indorser is not, under the Negotiable Instruments Law (Rev. Code 1928, § 2338 et seq.) and the authorities construing it, a maker. ''In similar fashion did that statute (Negotiable Instruments Law) change our former rule that indorsers before delivery were comakers. It requires them to be treated instead as the parties they appear to be, indorsers only.'' *Vernon Center State Bank* v. *Mangelsen,* 166 Minn. 472, 208 N. W. 186, 187, 48 A. L. R. 710. See, also, *Rockfield* v. *First National Bank,* 77 Ohio St. 311, 83 N. E. 392, 14 L. R. A. (N. S.) 842; *Haddock* v. *Haddock,* 192 N. Y. 499, 85 N. E. 682, 19 L. R. A. (N. S.) 136; *Toole* v. *Crafts,* 193 Mass. 110, 78 N. E. 775, 118 Am. St. Rep. 455. It is unnecessary to cite authorities on the proposition that a surety on a bond is not a principal or primarily liable.

The party sought to be held in this case, however, is, according to the allegations of her answer, an accommodation maker, and, therefore, primarily liable on the note. Section 2361, Revised Code of 1928, which is a copy of section 29 of the Negotiable Instruments Law, defines an accommodation party as ''one who has signed the instrument as maker, drawer, acceptor or indorser without receiving value therefor and for the purpose of lending his name to some other

person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder, at the time of taking the instrument, knew him to be only an accommodation party.'' By signing in this way he lends his name and credit to his cosigner, becomes in law a maker of the note and is obligated to pay it when called upon by the holder, regardless of any action taken against his comaker. While he receives nothing of value for lending his name and credit and is, as between himself and his cosigner, merely a surety, yet, as between him and the payee or the latter's transferee or assignee, he is maker and primarily responsible for the payment of the note. *Farmers' State Bank* v. *Forsstrom,* 89 Or. 97, 173 Pac. 935. Section 2479, Revised Code of 1928, provides that ''the person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable.'' ''Approaching the act (Negotiable Instruments Law) from this point of view (uniformity),'' to use the language of the court in *Union Trust Co.* v. *McGinty,* 212 Mass. 205, 98 N. E. 679, 680, Ann. Cas. 1913C 525, ''it is apparent that no relation of principal and surety is established or contemplated by any of its sections. It determines the liability of the various parties to the negotiable instrument on the basis of that which is written on the paper. The obligation of all makers, whether for accommodation or otherwise is to pay to the holder for value according to the terms of the bill or note. Their obligation is primary and absolute. . . . The fact that one is an accommodation maker gives rise to a duty no less or greater or different to the holder for value than that imposed upon a maker who received value.'' Among the many authorities to this effect the following are

cited: *Cowan* v. *Ramsey,* 15 Ariz. 533, 140 Pac. 501; *Steinfeld & Co.* v. *Tew,* 35 Ariz. 147, 274 Pac. 1047; *Fischer* v. *Hammons,* 32 Ariz. 423, 259 Pac. 676; *Hall* v. *Farmers' Bank,* 74 Colo. 165, 220 Pac. 237; *First State Bank* v. *Lang,* 55 Mont. 146, 174 Pac. 597, 9 A. L. R. 1139; *First Sav. Bank* v. *Flournoy,* 24 N. M. 256, 171 Pac. 793; *Lumbermen's Bank* v. *Campbell,* 61 Or. 123, 121 Pac. 427; *Bank of California* v. *Starrett,* 110 Wash. 231, 188 Pac. 410, 9 A. L. R. 177; *Dow* v. *Lillie,* 26 N. D. 512, 144 N. W. 1082, L. R. A. 1915D 754; *Stricks* v. *Siegal,* 138 Misc. 266, 245 N. Y. Supp. 372; *Park Gasoline Co.* v. *Crusius,* 158 Atl. 334, 10 N. J. Misc. 147; *Mayers* v. *Bank of Bladen,* 198 N. C. 542, 152 S. E. 628; *Citizens' Bank* v. *Douglass,* 178 Mo. App. 664, 161 S. W. 601.

It follows that there is no basis for the contention that the defendant could not be sued unless her comaker, Harriet Carr, was also made a party to the action. Neither section 3732 nor 3836, as construed in *U. S. Fidelity & Guaranty Co.* v. *Alfalfa Seed & Lumber Co., supra,* stands in the way of an action against the accommodation maker of a note, even though the principal maker be not joined.

The defendant offered in evidence a check for $3,800 drawn by the Massachusetts Bonding & Insurance Company in favor of Harriet Carr and cashed by her on March 7, 1932, through her attorney. The court refused to receive it and this action forms the basis for the other two principal assignments. The check was offered to show, first, payment of the notes by Harriet Carr, and, second, the possession by Ella Carr of funds belonging to Harriet Carr, the principal obligor, which should have been applied to the payment of the notes. The check was given in settlement of a judgment recovered by Harriet Carr in an action against M. Jeanette Young for

damages resulting from an automobile accident, and was indorsed by Harriet Carr, Jack Carr and Austin O'Brien, in the order named. The evidence discloses that it was paid by the bank to Austin O'Brien, who was Harriet Carr's attorney in that case, that he gave the proceeds to her and that she in turn handed them to Jack Carr, her brother, to keep for her. The defendant contends that because the check showed that it had been paid to Harriet Carr and carried, in addition to hers, the indorsements of Jack Carr, whom the evidence showed was the agent of the plaintiff for the collection of the notes, and of Austin O'Brien, attorney for plaintiff in this action, the presumption arose that it was turned over to the representatives of Ella Carr in payment of the notes. In cashing the check, given in payment of the judgment he had recovered for his client in the accident case, Austin O'Brien was representing her and her alone. His possession of the check or its proceeds was her possession, and the fact that he happened to be at the time attorney for Ella Carr in a suit on the notes did not change in the slightest degree his relationship to the client whose judgment he had collected. The fact that Ella Carr, his client in one action, had brought suit against the joint maker of a note which his client in another case, Harriet Carr, had also signed as maker, did not transform his possession of the check or its proceeds from a possession for the latter into one for the former. The law does not place upon an attorney's possession of funds he collects for a client consequences so serious as this to the latter. The relation between them is too close and confidential for this.

And it is equally true that possession by Jack Carr of the check when he indorsed it and later of its proceeds could not be treated as the possession of the

plaintiff, Ella Carr, because the evidence discloses that he was not her agent for the purpose of collecting the notes. The situation might have been different on the question of payment, had this been shown, but such was not the case. Ella Carr testified that he was her agent only for the purpose of bringing the notes from Chicago to her attorney, Austin O'Brien, in Phoenix in order that suit might be filed on them, and the trial court found this to be a fact. Inasmuch, therefore, as there was no evidence of agency between the plaintiff and Jack Carr regarding the collection of the notes, it is clear that his possession of the check or its proceeds, through the action of Harriet Carr, no more than that of Austin O'Brien, plaintiff's attorney, could be considered the possession of Ella Carr and, therefore, constitute payment of the notes, or release the defendant, M. Jeanette Young, from her obligation thereon.

The rule, that the possession by the creditor of money or property belonging to the "principal debtor, which he may rightfully retain and appropriate to the satisfaction of a debt, without violating any duty or subjecting himself to an action, and instead of retaining it, he suffers it to pass into the hands of the principal, the surety is thereby, to that extent, discharged," applies in no sense to a person primarily liable on a note. One bearing this relation to an obligation can be released only when the obligation itself is discharged in one of the ways mentioned in section 2421, Revised Code of 1928, which reads as follows:

"§ 2421. Discharge of negotiable instruments. A negotiable instrument is discharged: By payment in due course by or on behalf of the principal debtor; by payment in due course by the party accommodated, where the instrument is made or accepted for ac-

commodation; by the intentional cancellation thereof by the holder; by any other act which will discharge a simple contract for the payment of money; or when the principal debtor becomes the holder of the instrument at or after maturity in his own right."

The provisions of this section are exclusive and none of them say that a person primarily liable on a note is discharged by the failure of the payee to apply funds of a comaker to the payment of the note. *Vanderford* v. *Farmers' & Merchants' National Bank,* 105 Md. 164, 66 Atl. 47, 10 L. R. A. (N. S.) 129; *Cowan* v. *Ramsey,* 15 Ariz. 533, 140 Pac. 501; *Farmers' State Bank* v. *Forsstrom, supra; Oklahoma State Bank of Sayre* v. *Seaton et al.,* 69 Okl. 99, 170 Pac. 477; *Union Trust Co.* v. *McGinty, supra; Elsey* v. *People's Bank of Bardwell,* 168 Ky. 701, 182 S. W. 873. It is clear that the court did not commit error in refusing to receive the check in evidence.

Concerning the note for $200 it might be well to say that under no theory could Harriet Carr be held liable on it, for, under section 2353, Revised Code of 1928, which is section 18 of the Negotiable Instruments Law, "no person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided, but one who signs in a trade or assumed name is liable as if he had signed in his own name." An accommodation maker may not require that one who has been accommodated but has not signed the instrument be made a party to a suit thereon. *First Savings Bank, etc.,* v. *Flournoy, supra.* This does not mean, however, that such a maker may not recover in a separate action from the person accommodated the amount he has been compelled to pay on the note.

The judgment is affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.